# State *ex rel.* Saltsman *v.* Weakley. *et al.*

## *Quo Warranto.*

(Decided Dec. 19, 1907.  45 So. Rep. 175.)

*Statutes; Local Laws; Classifications of Municipal Corporations.* —While the Act of 1907 (Gen. Acts 1907, p. 402) purports to establish a police commission in cities of a certain population within counties of a certain population, it is not a bona fide classification of municipal corporations, as it in fact applies to but one city in the state; hence, it is a local law within the purview of section 110; Constitution 1901, and no notice having been given of intention to apply for its passage it is violative of section 106, Constitution 1901.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Petition by the state, on the relation of F. F. Saltsman, for quo warranto to test the right of John B. Weakley and others to the office of police commissioners of the city of Birmingham. From a judgment sustaining a demurrer to the petition, relator appeals. Reversed and remanded.

POWELL & BLACKBURN, for appellant. The law creating the Police Commission of Birmingham is a local law

under section 110 of the Constitution of 1901.—*Coving-
ton v. Thompson,* 142 Ala. 107; *State ex rel. Attorney
General v. Sayre,* 142 Ala. 641; *Griffin v. Drennen,* 145
Ala. 131. The Act, in fact, applies to only one city in
the state, and under its language is not a bona fide clas-
sification of municipal corporations.—*Wheeler v. Phila-
delphia,* 77 Pa. St. 338; *Scowden's App.* 96 Pa. 442; Ay-
ars App. 122 Pa. St. 266; *Sample v. City of Pittsburg,*
212 Pa. St. 523; *State ex rel Knisely v. Jones,* 66 Ohio
St. 453; *State v. Cowle,* 64 Ohio St. 162; *State ex rel
Zeigler v. Gaddis,* 44 N. J. L. 363; *Nichols v. Walter,* 37
Minn. 264; 212 Ill. 418; 89 Mo. 237; 42 W. Va. 574. If
it be conceded that the act is the General Law, then it is
ineffectual to repeal the prior special or local act estab-
lishing the Board of Police Commission for the city of
Birmingham.—*Maxwell v. The State,* 89 Ala. 150; *State
ex rel Horton,* 142 Ala. 90; *Foust v. Huntsville,* 83 Ala.
279; *Parker v. Hubbard,* 64 Ala. 207. If the act is a
special statute it is violative of section 106 of the Con-
stitution, under all our authorities.

SAM WILL JOHN, for appellee. The act under consid-
eration is a general law.—*Griffin v. Dreenen,* 145 Ala.
131; *State v. Thompson,* 142 Ala. 107; *Bloxham v. F. T.
& P. R. R. Co.,* 35 Fla. 625; *Givens v. Hillsboro County,*
35 South. 90. Population may be made the basis of clas-
sification of municipal corporations.—*State v. Hoag-
land,* 16 Atl. 166; *State v. Scott,* 15 Atl. 275; *State v.
Hamner,* 42 N. J. L. 239; *Indiana ex rel. v. Terre Haute,*
14 L. R. A. 576; *Wheeler v. Philadelphia,* 27 P. F. S.
350; *Commonwealth v. Patton,* 88 Pa. St. 258; *In re
Washington St.,* 7 L. R. A. 197.. So long as the line is
drawn with reference to municipal and not to irrelevant
or wholly local matters the courts have no authority to
interfere.—85 Am. St. Rep. 807; *Waite v. Santa Cruz,*

184 U. S. 321; *State v. Folsom,* 14 L. R. A. 566; *Edmonds v. Herbrandson,* 14 L. R. A. 325; *Ferguson v. Ross,* 126 N. Y. 464; *State v. Ellit,* 21 Am. St. Rep. 785, and extended note. On the subject of repeal of statute, see *Howard v. Hurlburt,* 88 Am. St. Rep. 271, and extended note.

ANDERSON, J.—The petition in this case charges the respondents with holding office under and by virtue of the act of March 7, 1907 (page 402 of Acts of 1907) and which provides for the establishment of police commissions "in cities of 35,000 population, or more, in counties of 125,000 or more population, and to define their terms of office, duties and powers," and avers that said act is invalid and unconstitutional, because a local law, under the meaning of section 110 of the Constitution of 1901, and repugnant to section 106 for the reason that no notice was given by publication of the intention to apply for the enactment of same. The demurrer proceeds upon the theory that the said act is not unconstitutional, but is valid, and that the petition shows upon its face that the respondents hold office under legal authority. Assuming, therefore, that said act of March 7, 1907, was not repealed by the municipal act of August 13, 1907 (Acts 1907, p. 790), in so far as not to apply to offices now held, and the term of which is to continue until the election and assumption of office by those provided for by the said municipal act, we will deal with the issue as presented by the pleading. Moreover, the relator in effect concedes that said act was not repealed instanter, by attacking it upon constitutional grounds only.

Section 110 of the Constitution, which defines local and general laws, has received a most liberal and elastic construction in the cases of *Covington v. Thompson,* 142

Ala. 98, 38 South. 679, *Griffin v. Drennen,* 145 Ala. 128, 40 South. 1016, and *Brown v. Porter,* 145 Ala. 541, 40 South. 144; but the acts under consideration in each of said cases can be easily differentiated from the one involved in the case at bar. The act construed in the *Thompson Case, supra,* was a general election law, which merely excepted from its immediate operation a few counties with existing local laws, but which would and could come within the influence of the general law upon a repeal of the local law. The *Porter Case, supra,* related to Acts 1903, p. 117, which provides for holding elections for the removal of county seats. It applies to every county in the state, but excepted from its immediate operation only those counties that had erected new courthouses for a period of 20 years from holding an election for 20 years after the erection of said new courthouse. This law applies to every county in the state, and all counties can hold an election thereunder within a reasonable and definite time. The *Drennen Case, supra,* involved Acts 1903, p. 108, fixing the salary of mayors in all cities of the state "having over thirty-five thousand population according to the last federal census." There we held that the law was prospective in its operation, and applied to all cities within the class thereby fixed, or which may come within the class in the future, and was therefore a proper classification, and was a general law. It will be observed that this act classified all cities of a certain size in the same manner, and added nothing by way of a double condition or reclassification, so as to exclude some of them and thereby cut its operation down to one particular town in one particular county. We cited in this *Drennen Case* the *Thompson and Porter Cases, supra,* as well as the cases of *Wheeler v. Philadelphia,* 77 Pa. 338; *Van Riper v. Parson,* 40 N. J. Law, 1; *Matter of Church,* 92 N. Y. 1. And, while they

all support the holding in the *Drennen Case,* none of them apply to such an act as the one now in question, as each of the acts therein considered made but one general classification of the subject of legislation, so as to purposely make it apply to one member of the original class, to the exclusion of others of the same class. The act considered in the *Wheeler Case, supra,* made but one classification of the cities and on a population basis, and did not further qualify its operation by a reclassification, as was done by the act in question. The *Van Riper Case, supra,* construed an act establishing courts in all towns of a certain size, and did not attempt to further limit its application, only to towns of said class situated in counties of a certain population. In the *Church Case, supra,* the act considered applied to every county in the state, regardless of its population, which contained a town of the class mentioned. It did not apply to towns of a certain size in counties of a certain size.

We find no case in the books upholding, as a general law, an act with a double or reclassification, such as the one in question. On the other hand, we find a decision by the same court which decided the *Wheeler Case, supra,* and which was subsequently rendered, condemning an act quite similar to the one under consideration in the case at bar. We refer to *Scowden's Case,* 96 Pa. 422. The act there considered provided "that in all counties of this commonwealth where there is now or may hereafter be a population of not less than sixty thousand inhabitants, and in which there is now or may hereafter be any incorporated city of the fifth class subject to the provisions of the act of May 2, 1874, and the several supplements thereto, it shall be the duty of the presiding judge * * * to make an order providing for the holding of one week of court," etc. "It requires but a glance at the act to see that it is an attempt to

evade the Constitution. It is special legislation under the attempted guise of a general law. Of all forms of special legislaion this is the most vicious. In *Wheeler v. City*, 77 Pa. 3338, we decided that an act classifying cities by population was not transgressive of the Constitution. We need not now repeat the reasons for this ruling. It is sufficient to say they have no application here. The act of June 12, 1879, makes no attempt at the classification of cities. It is merely an effort to legislate for certain cities of the fifth class to the exclusion of all other cities of the same class; that is to say, it refers only to cities of the fifth class which are situated in a county having a population of 60,000. The act was doubtless regarded by its framers as a classification of counties, but it is not so. Nor does any good reason occur to my mind why there should be such classification. If there be such reasons, amounting to a necessity therefor, we shall probably hear of them in due season. In the meantime, classification which is grounded in no necessity, and has for its sole object an evasion of the Constitution, will not be encouraged."

The act in question was in no sense a classification of counties, as its manifest object is to create a police board in cities, and pertains in no way to the regulation of counties. Nor is it a bona fide classification of cities, as it expressly excludes cities of the same class, unless located in a county of a certain size. While there are cities in Alabama other than Birmingham with the necessary population, Birmingham is the only one located in a county with a population of 125,000. The substance of the act is for the sole purpose of regulating conditions in Birmingham, although the act is disguised in the garb of a general law. While we do not wish to recede from our former decisions on this subject, and do not intend by this opinion to give the backing signal, we do think

the subject and occasion appropriate for an application of judicial brakes, else section 110 of the Constitution will be absolutely emasculated. The act in question being local, although under the attempted guise of a general law, is repugnant to section 106 of the Constitution, for the reason that no notice was given of the intention to apply for the enactment of same.

The circuit court erred in sustaining the demurrer to relator's petition, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

HARALSON, DENSON, and McCLELLAN, JJ., concur.