(102 So. 222)

VAUGHAN, Probate Judge, v. STATE ex rel. DAWSON. (2 Div. 847.)

(Supreme Court of Alabama. Nov. 6, 1924. Rehearing Denied Dec. 4, 1924.)

1. Statutes ⬦68, 77(1)—Test in determining whether act "general law" or "local law" stated.

Where there is a substantial difference in population, and classification is made in good faith, reasonably related to purpose to be effected and to population, and not merely arbitrary, it is a "general law," although applicable to only one political subdivision of state, but, if classification bears no relation to difference in population in view of purpose to be effected, and shows it was merely fixed arbitrarily, guised as a general law, it is in fact a "local law."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Law; Local Law.]

2. Statutes ⬦8½(1)—Statute allowing sheriff additional expenses held local law, and invalid because not enacted as such.

Gen. Acts 1919, p. 686, allowing an additional compensation of $600 per annum to sheriff in counties of population between 53,401 and 58,501, although designated general law, is not a classification reasonably relating to its purpose, and was plainly designed only for Dallas county, and is thus local in character, and, not having been passed in accordance with requirements of Const. 1901, § 106, is unconstitutional.

Appeal from Probate Court, Dallas County; S. F. Hobbs, Judge.

Petition for mandamus by the State of Alabama, on the relation of Percy Dawson, against Watkins M. Vaughan, as Judge of Probate of Dallas County. From a judgment overruling demurrer to the petition, respondent appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Reversed, rendered and remanded.

Craig & Brown, of Selma, for appellant.

Acts 1919, p. 686, is a local law, and void for failure to comply with section 106 of the Constitution. Reynolds v. Collier, 204 Ala. 38, 85 So. 465; Anderson v. State, 206 Ala. 301, 89 So. 452; Cobbs v. Home Ins. Co., 18 Ala. App. 206, 91 So. 628; State v. Williams, 18 Ala. App. 513, 93 So. 381.

Pettus, Fuller & Lapsley and A. M. Pitts, all of Selma, for appellee.

The act employs a reasonable classification, and is valid. Board v. Huey, 195 Ala. 83, 70 So. 744; 25 R. C. L. 813; Reynolds v. Collier, 204 Ala. 38, 85 So. 465.

SOMERVILLE, J. The petitioner, who is the sheriff of Dallas county, seeks by the writ of mandamus to compel the probate

judge of that county to issue the county's warrant for the payment to petitioner of certain sums of money alleged to be due him under the provisions of the act approved September 24, 1919 (Gen. Acts 1919, p. 686).

Section 1 of the act provides:

"That sheriffs in counties of not less than 53,-401 nor more than 58,501 population, according to the federal census of 1910, or according to any subsequent federal census, shall be allowed six hundred dollars per annum to pay for the use of or expense of the use of automobiles to be used by them in the discharge of the duties of their office, said sum to be paid in monthly installments of fifty dollars per month on the last day of each month."

The act is in form a general law, and was passed as a general law without any compliance with the requirements of section 106 of the Constitution for the passage of local laws. The respondent's contention is that the act cannot be sustained as a general law, and, being invalid as a local law under section 106, must be held as invalid entirely, and be nullified by judicial sentence.

The population of Dallas county, by the census of 1910, was exactly 53,401; and by the census of 1920 it was 54,697. The only two counties having within 10,000 of the population of Dallas, by the census of 1910, were Tuscaloosa (47,559), and Madison (47,041); and the only counties having a population in excess of that of Dallas were Mobile (80,854), Montgomery (82,178), and Jefferson (226,476).

By the census of 1920 the population of Tuscaloosa county has increased to 53,680, bringing it within the operation of the act in question. No other county has so increased, so that until the publication of the next federal census only the two counties of Dallas and Tuscaloosa will be within the terms of the act.

[1] The test by which the character of an act, whether general or local, is to be determined, was authoritatively stated by this court, per Gardner, J., in the recent case of Reynolds v. Collier, 204 Ala. 38, 85 So. 465, as follows:

"The effect of all of our decisions, in short, has been that, where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld."

[2] The act before us cannot survive this test. Judicial ingenuity would exhaust itself in the effort to find any rational basis for the classification it presents. Certainly the fact that a county has a population between 53,401 and 58,501, inclusive, bears no legitimate relation to the purpose of the act—the allowance to the sheriff of $600 additional compensation, to cover the estimated cost of automobile service in the conduct of his office. So far as the justice, propriety, or policy of such an allowance is concerned, we can discover no reason for this classification by population, which plainly and designedly placed Dallas county in one class, the favored class, and the other 66 counties in the other class, the excluded class.

Notwithstanding our aversion to the nullification of legislative enactments, judicial candor will not permit us to close our eyes to the patent fact that this act, both in its conception and in its calculated operation, was local in its character; was plainly evasive of the requirements of section 106 of the Constitution; and is not saved by a classification reasonably related to its purpose, and justifying the discrimination exhibited.

The fact that the census of 1920 brought Tuscaloosa county, unexpectedly, perhaps, within the scope of its operation, does not essentially alter the character of the act, nor cure its constitutional infirmity.

It results that the trial court erred in overruling respondent's demurrer to the petition, and the judgment in that behalf will be reversed, and one will be here rendered sustaining the demurrer.

Reversed, rendered, and remanded.

All the Justices concur.