139 So. 278

**STATE ex rel. WARD v. HENRY.**

**6 Div. 17.**

Supreme Court of Alabama.

Nov. 19, 1931.

Rehearing Denied Jan. 28, 1932.

W. K. Terry and Robert C. Garrison, both of Birmingham, for appellant.

Thos. J. Judge and W. B. Harrison, both of Birmingham, for appellee.

■ It is strenuously insisted the act offends section 45 of the Constitution, in that the title as well as the body of the act contains two subjects. This insistence is based upon that feature of the act, specifically mentioned in the title, providing for the assessment and collection by the commissioner of licenses of the ad valorem taxes on motor vehicles; the argument being that such a provision is foreign to and distinct from that of issuance of licenses.

The purpose of the act, as expressly declared in its concluding section, was to unify the work of issuing licenses of all character for the convenience of the public, and appellant's argument, we think, overlooks the fact that as to automobiles, under the General Law (Gen. Acts 1923, pp. 284, 288, § 19 (a), the payment of the ad valorem tax is a condition precedent to the issuance of the license, and that, therefore, to effectuate the purpose of unification of the license work, it became essential that such commissioner also be charged with the duty of assessing and collecting such ad valorem taxes, which duties were therefore merely incidental to the issuance of the license, and tended to promote the public convenience.

By the provisions of the Act approved March 24, 1911 (Gen. Acts 1911, p. 130), in cities over one hundred thousand population, the matter of assessment and collection of the city tax is intrusted to the county assessor and collector, with provision made for their respective compensation for services thus performed. Reference, therefore, in the title of the act to the matter of ad valorem taxes on motor vehicles was appropriate and timely as giving notice of a change in this regard.

■ It is settled under our decisions that however numerous the subjects stated in the title, and however numerous the provisions in the body of the act may be, if they can be by fair intendment considered as falling within the subject-matter legislated upon in the act, or necessary as ends and means to the attainment of such subject, the act does not offend our constitutional provision that no law shall embrace more than one subject, which must be expressed in its title. Allman v. City of Mobile, 162 Ala. 226, 50 So. 238; Ballentyne v. Wickersham, 75 Ala. 534; Board of Revenue v. Hewitt, 206 Ala. 405, 90 So. 781; State ex rel. Leslie v. Bracken, 154 Ala. 151, 45 So. 841.

■ As previously noted, the payment of the ad valorem tax on motor vehicles is a condition precedent to the issuance of a license for their operation. The declared purpose of the act was for the public convenience to unify the work of issuing licenses, and the matter of collection of ad valorem taxes on motor vehicles was therefore cognate to the subject-matter, the issuance of licenses by one county official, the commissioner of li-

GARDNER, J.

By this quo warranto proceeding (State ex rel. Garrett v. Torbert, 200 Ala. 663, 77 So. 37), the constitutional validity of the Act approved July 16, 1931, establishing the office of commissioner of licenses in all counties having a population of three hundred thousand or more according to the last or any subsequent federal census, is assailed.

censes. The title of the act made reference likewise to the matter of compensation to such commissioner, which, we think, sufficed as notice that he may be so compensated either by salary or fees or commissions. Osborn v. Henry, 200 Ala. 353, 76 So. 119.

It would appear, therefore, that any change in the matter of fees to the detriment of the city of Birmingham, as argued, could· not be charged to a lack of sufficient notice in the title of the act. The act is general in form, based upon a population classification. We have approved this character of legislation, provided the substantial difference in population was in good faith, and was reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and was not merely arbitrary, though at the time it may be applicable to only one subdivision of the state. Reynolds v. Collier, 204 Ala. 38, 85 So. 465. Much must, in this regard, be left to legislative discretion, and it is the duty of the court not to construe a law as local when it is so worded and framed as to be reasonably susceptible of interpretation as a general law. Reynolds v. Collier, supra.

In counties having a larger population, we think it clearly appears a reasonable basis exists for the establishment of one officer for the issuance of all licenses to the end that the general public be convenienced thereby, and that the population classification in the act here in question suffices as a foundation for a general rather than a local law.

The act is further challenged as a local law upon the ground that by reason of other provisions of the Constitution it cannot apply to other counties as they come within the population basis of classification.

Granting the soundness of the premises, granting that the act can stand in Jefferson county only by virtue of the Jefferson County Amendment to the Constitution (Const. Amend. 1912 [see Acts 1911, p. 47]), and that counties not having a like amendment, although coming within the classification as to population, can never be brought within the act, it would be a local law, notwithstanding its form, and subject to the provisions of section 106. Birmingham Electric Co. v. Harry, 215 Ala. 459, 111 So. 41.

The constitutional provisions relied upon, in support of the premise above stated, are sections 175, 281, and 96.

As to section 175 the argument is that the provision of the act in question, taking out of the hands of the tax assessor and tax collector the assessment and collection of ad valorem taxes on motor vehicles, constitutes a partial abolition of these offices, recognized as constitutional officers by that section.

It is sufficient to say section 175 deals only with the matter of removal from office, the office itself remaining. It expressly covers officers of statutory creation, provided the office has a fixed term. So, the mention of tax assessor and tax collector, in the list of officers removable only by impeachment, by no means constitutes theirs constitutional offices which may not be abolished by the Legislature. The power to abolish an office is as plenary as the power to create it.

The right to hold office for a fixed term is subject to the continued existence of such office. Even where the duties of the office are to be prescribed by the Legislature, the power to increase or decrease the duties thereof is a necessary incident. Thompson v. Holt, 52 Ala. 491, 504.

Section 281 of the Constitution reads: "The salary, fees, or compensation of any civil officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or· appointed."

The intent is to secure some stability to the compensation of public officers. State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295.

The raising or lowering of salaries, the duties remaining unchanged, or a change in the schedule of fees for given services during the term, is thus prohibited.

We are convinced it was not the intent of this section to inhibit and withdraw from the legislative body of the state, the power to readjust the duties of office as the public convenience may require. The creation of a new office to take, over functions theretofore performed by another, or the transfer of official duty from one officer to another, is an essential power of government often recognized in our jurisprudence. Ex parte Lusk, 82 Ala. 519, 2 So. 140; State ex rel. Gaston v. Black, 199 Ala. 321, 74 So. 387; State ex rel. Jones v. Stearns, 200 Ala. 405, 76 So. 321; Bouchelle v. State Highway Commission, 211 Ala. 474, 100 So. 884.

We cannot accede to the view that section 281 forbids a transfer of official duty from one officer to another, during the term of the former, because he would thereby be deprived of fees allowed for the performance of such duty. The doctrine contended for by appellant would be far-reaching. For example, if valuable fees accrue to an officer, say sheriff or clerk, because of laws which greatly enhance the litigation from which he derives fees, no one would contend the Legislature could not repeal such laws because incidentally the fees of the officer would be decreased. If the judge of probate derives large income from the issuance

of licenses, no one would insist the Legislature was powerless to increase or decrease the license schedule during his term of office. The insistence subordinates the public interest to an incidental one. Such is not the intention of section 281.

This court is fully committed to the view that section 281 does not forbid additional compensation, even by way of salary, for substantial new and additional ex officio services. Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 40 A. L. R. 1052, and cases there cited.

Whether a salary cut may be made because of legislative reduction of substantial duties of the office, we need not here consider. We do hold the mere incidental transfer of official duty from one officer to another is not inhibited by section 281.

Section 96 of the Constitution reads: "The Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

This section is limited to "public officers" common to "all the counties in the state." It was never intended to fix a static and rigid county organization. It does not prevent the creation of new offices to meet the needs of a county or class of counties growing out of increased population, and the fixing of their compensation.

Granting that when such new officer takes over the duties of former officers whose fees for such services are fixed by general law, the same schedule of fees or commissions shall apply to the new office, we note that the commissions allowed under this act for the assessment and collection of city ad valorem taxes on motor vehicles are the same as prescribed by general law for that service. Gen. Acts 1927, pp. 158, 159, § 18, subd. (b).

It follows that in our opinion, these other provisions do not prevent the application of the act in question to other counties, as they come within the population classification specified.

It is also argued that this act is in the nature of a general revenue act, and having been passed during the last five days of the legislative session is in contravention of section 70 of our Constitution. This constitutional provision was considered by the justices of this court in Re Opinion of the Justices, 136 So. 589, and what was there said, is here, upon due consideration, approved by the court, and is conclusive adversely to appellant's contention.

It is further insisted that no commission is shown to have been issued as provided by section 2580, Code 1923. But this section makes no reference to such an officer as commissioner of licenses and is inapplicable. It is sufficient answer to say that the act creating the office does not require as a condition precedent to entering upon its duties that any commission issue.

The argument that this act repeals section 3046, Code 1923, relating to the bond of the tax collector, is without merit, as it makes no reference thereto, and its provisions are not inconsistent therewith. On the contrary, the act provides an entirely different method for the bond of the commissioner, which was a matter resting entirely within the legislative control.

We are persuaded the trial court correctly ruled, and the judgment is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN AND FOSTER, JJ., concur.