147 So. 429

**STATE ex rel. SHIRLEY v. LUTZ et al.**

**6 Div. 187.**

Supreme Court of Alabama.

March 9, 1933.

Rehearing Denied April 20, 1933.

Ross, Bumgardner, Ross & Ross, of Bessemer, and Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

Amzi G. Barber, of Birmingham, for appellees.

BOULDIN, Justice.

This is a proceeding by quo warranto to oust respondents from the exercise of official authority as members of the "Board of Plumbers Examination and Registration of Alabama."

The primary purpose is to test the constitutionality of the act creating such board; or otherwise stated, to prevent usurpation of official powers which do not exist because the creating act is void.

The subject of the act in question, its purpose, and a synopsis of its provisions, are quite fully disclosed in the title, which reads:

### "An Act

"To regulate the business and trade of plumbing in all counties in this State having a population of 100,000 or more according to the last or any subsequent Federal Census, to create a Board to be known as the Board of Plumbers Examination and Registration of Alabama; to provide for the appointment of the members of said Board of Plumbers Examination and Registration of Alabama, and to provide for the appointment of successors of the members thereof and for the organization of said board and for the remuneration of the members and officers thereof; to specify the powers and duties of said Board of Plumbers Examination and Registration and to provide the ways and means of collecting funds for its maintenance and functioning; to define the terms 'plumbing' 'master plumber' and 'journeyman plumber' for the purposes of this Act; to provide for the examination, registration and licensing of master plumbers and of journeyman plumbers engaged, engaging or desiring to engage in the business or handicraft of plumbing within such counties and to fix the fees to be assessed of applicants for examination, registration and licensing as such master plumbers or journeyman plumbers and for the renewals of such registrations and licenses; to authorize and empower said Board of Plumbers Examination and Registration of Alabama to conduct investigations and hearings of and concerning and violations of this Act and to grant unto said Board of Plumbers Registration and Examination the power and authority to revoke after hearing, any license issued by said Board on account of any violation or violations of any provision or provisions of this Act by any master plumber or any journeyman plumbers who may violate any of the provisions of this Act and to provide further penalties for any violation or violations of the provisions of this Act, and to provide for appeal to the various Circuit Courts of Alabama by any aggrieved person from any order, ruling, decree or revocation of such license by said

Board of Plumbers Examination and Registration of Alabama and to provide for a seal and its use by said Board; and to repeal all laws in conflict herewith." Gen. Acts 1931, p. 764.

The act is challenged as a local, not a general law, under section 110 of the Constitution, and violative of section 106, for want of published notice as therein required.

■ As applied to legislative acts framed as general laws applicable to a class of counties, wherein the classification rests upon a population basis, we think no better statement of the rule can be made than was written by Justice Gardner in Reynolds, County Treasurer v. Collier, 204 Ala. 38, 85 So. 465, 467, and often quoted or restated in like terms in later decisions. For the purpose of a study of the act before us, we again quote same: "The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld." Vaughan v. State ex rel. Dawson, 212 Ala. 258, 259, 102 So. 222; Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416, 417; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; State ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553, and cases there cited; Wages v. State, 225 Ala. 2, 141 So. 707.

Nothing in the present act presents a double classification, or other limitations hedging it about so as to prevent its operation in all counties now or hereafter coming within the population classification; nor is future legislation required to make it applicable to all such counties.

The act is challenged for want of a "substantial difference in population" within the rule above quoted.

It is pointed out that this act has present application only to Jefferson and Mobile counties, while Montgomery county has a population by the federal census of 98,671, only 1,329 below the minimum of 100,000 fixed by the act. We are asked what reasonable basis can there be for regulations of the plumbing business in a county of 100,000 population different from those in the county of Montgomery?

The matter of substantial difference in population has application primarily to acts resting a classification on a maximum and minimum basis of population, limited to counties of not less than a minimum nor greater than a maximum, a basis often worked out so as virtually to designate a particular county, and without reasonable basis for such classification in view of the objects of such legislation.

This act is not of that class.

■■ If, in the exercise of legislative discretion, it is found that conditions peculiar to counties of large populations call for legislation, regulatory or otherwise, not needed in smaller counties, the fixing of a minimum population as determinative of the class is also a matter of legislative discretion. Of necessity some minimum must be selected as most desirable in view of the purpose of the act. That one or more other counties are nearing such population, and may be reasonably expected to come within such class at the next decennial census, does not militate against such classification, but may tend to justify it. Board of Revenue of Jefferson County v. Huey, 195 Ala. 83, 91, 70 So. 744.

This act is further challenged upon the ground that there is no reasonable relation between the unit of classification, the county of large population, and the object of the legislation, the regulation of the plumbing business.

It is pointed out that plumbing is limited primarily to areas served by public waterworks; that no occasion exists for such regulations in rural areas. It is further argued that the natural unit is the city or town; that in the county of Jefferson, outside the city of Birmingham, are many smaller cities and towns; that to extend over them the regulation of the plumbing business through a state board, while much larger cities and towns in other counties are not within the act, is arbitrary, and without reasonable basis in fact. This, it seems to us, is the strongest objection to the bill before us. Heretofore, the city or town has been treated as the unit, and the governing body of the municipality as the more fitting one to make and enforce such regulations. Code, § 2080.

The plumbing codes of Birmingham and Mobile were submitted to the lower court, and sent up for our inspection.

Under general rules of construction, the present act does not withdraw the powers conferred on municipalities, nor supersede their regulations further than expressly or by necessary implication effected by this act, and its administration.

■ But, returning to the county as a basis of classification, plumbing is related to the public health and convenience. Regulation of such business by the requirement of examination and license of plumbers, certificates of qualification, may be referred to the police

powers of the state with regard to the public health and convenience.

■ The court, as of course, takes judicial notice that much of the area of our largest counties is rural, outside the corporate limits of any municipality, and that these counties have towns and cities varying much in population. But, can the court say that in the safeguarding of public health, there is no reason for uniformity in regulations, such as provided by this act, over the group of towns and cities in close proximity in one county, and over built-up areas outside municipal limits served by public or private waterworks systems?

■■ Our cases above cited uniformly hold that all reasonable intendments must be indulged to support the constitutionality of solemn legislative acts, and this rule applies equally in dealing with a classification basis of this kind. The court must see clearly that such classification is arbitrary and without any reasonable basis in view of the subject-matter of legislation.

True, there is much cause for complaint in the frequent abuse of the classification rule which is now firmly established, not to be disturbed without overturning many laws of long standing with all the injury and confusion to result.

■ Recognizing this rule and its limitations, courts, above all others, are charged with a very sacred duty not to encroach upon the domain of other departments of government under our constitutional system. We must hold, therefore, that the selection of the populous county as the basis of classification in the act under consideration was and is a legislative, not a judicial question. The wisdom, or propriety of legislative acts, unless clearly invasive of constitutional rights, is not for the courts. The power of the people to legislate through their chosen constitutional representatives becomes involved.

■ The members of the board here created are state officers, not county officers. Their fees and allowances provided in the act are not within section 96 of the Constitution. This section deals with county officers, and only such county officers as are common to all the counties of the state. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278.

The right of the present incumbents to hold office as members of the board created by the act is further questioned on the ground that their appointments were prematurely made by the Governor.

By the terms of the act, it went into effect at the expiration of sixty days from its approval. After its enactment and approval, and during the sixty days period before it went into effect, the appointments were made.

■ A vacancy in the office was sure to occur on the effective date of the act; the law disfavors any vacancy in office.

■ We sanction the rule that on the creation of a new office by an act to become effective at a later date, appointments in the meantime to fill the offices so created are not premature and illegal. People v. Inglis, 161 Ill. 256, 43 N. E. 1103; State v. Irwin, 5 Nev. 111; Mechem on Public Offices and Officers, § 133.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.