27 So.2d 869

**CITY OF BIRMINGHAM et al. v. MOORE.**

**6 Div. 469.**

Supreme Court of Alabama.

Nov. 21, 1946.

W. Bruce White, of Birmingham, for appellants.

Spain, Gillon, Grooms & Young and H. H. Grooms, all of Birmingham, for appellee.

**LAWSON, Justice.**

This appeal presents but one question, namely, the constitutional validity of the Act approved June 21, 1945, General Acts, 1945, page 254, Code 1940, Tit. 62, § 330 (70) et seq., entitled "An Act To declare the necessity of creating public bodies corporate and politic to be known as Redevelopment Agencies to have exclusive power to engage in slum clearance, redevelopment and housing projects in counties of this state having a population of more than three hundred thousand according to the next preceding Federal census; to provide for the creation of such Redevelopment Agencies; to define the powers and duties of such Redevelopment Agencies and to provide for the exercise of such powers, including the borrowing of money, the planning of slum clearance; the acquiring of property by eminent domain or otherwise, the issuance of bonds and other obligations, the giving of securities therefor to provide for the payment of such bonds and other obligations with the approval and consent of the State Department of Finance, to provide for the demands of bond and other obligations holders of such Redevelopment Agencies, to provide for the sale or lease of real estate acquired by such Redevelopment Agencies, to any person, firm or corporation; and to provide for the sale of slum areas."

The constitutionality of this act is assailed upon many grounds. The trial court held the act invalid for the reason that it was repugnant to and violative of §§ 106 and 45 of the Constitution of 1901.

§ 106 of the Constitution provides that no local, special, or private law shall be passed on any subject without giving the notice as there prescribed, and makes it the mandatory duty of the courts to declare the same void if the journals do not affirmatively show that it was passed in accordance with the provisions of the section.

§ 110 of the Constitution says: "A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."

It is agreed that the act here under review was passed without any reference to the provisions of § 106 of the Constitution, and must fall if it is a local law. The pivotal question, therefore, is whether or not this is a general or local law.

We judicially know that at the time of its passage the act could apply only to municipalities in Jefferson County. For its generality the act rests upon a population classification, recognized under limited conditions, as a proper basis for classification by many decisions of this court. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231; Griffin v. Drennen et al., 145 Ala. 128, 40 So. 1016.

However, the conditions justifying such classification are equally well established by our cases. The difference in population must be substantial, and the classification must be made in good faith and must be reasonably related to the purpose to be effected by the act. If these

conditions exist, the fact that at the time the law may be applicable to only one political subdivision of the State will not suffice for its condemnation. On the other hand, if the classification is not in good faith, bears no reasonable relation to the difference in population upon which it rests in view of the purpose to be effected by such legislation, and was arbitrarily fixed, the law will be condemned as local, and as having been passed merely under the guise of a general law in violation of the Constitution. Reynolds v. Collier, 204 Ala. 38, 85 So. 465; State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 98 So. 373; Vaughn v. State ex rel. Dawson, 212 Ala. 258, 102 So. 222; State ex rel. Saltsman v. Weakley et al., 153 Ala. 648, 45 So. 175; Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

The act here under consideration is modeled after the provisions of the general law relating to the creation and operation of municipal housing authorities, Chapter 2, Title 25, Code of 1940, and differs therefrom in material respects only to the extent that it does not contain the provisions of the general law which permit public housing bodies to construct and operate housing projects and does include provisions expressly forbidding such functions on the part of public housing bodies.

From this comparison it is readily apparent that the real purpose or objective of this act was to prevent the future construction and operation of housing projects by public housing authorities or agencies in the municipalities of Jefferson County. This objective was accomplished by first providing that only agencies created under the act could function and then forbidding any agency so created from constructing, operating or managing any housing project.

§ 3 of the act contains the following provisions: "Upon the passing and approval of this [act], only such redevelopment agencies as may be created in the manner hereby provided for shall have any power to acquire real property in any municipality to which this [act] is applicable for the purpose of clearing slums or blighted areas or for the purpose of planning, building, constructing, owning or operating housing projects of any nature whatever. Provided, however, that any housing authority existing in any county to which this [act] is applicable at the time of the approval of this [act] may exercise all of the powers now conferred upon it by law for the purpose of administering any housing project already created or contracted to be created, and for the further purpose of winding up its affairs."

The powers which are conferred upon an agency created under the terms of this act are set out in §§ 8 and 9 thereof. The last sentence of § 8 is as follows: "Provided, however, that no agency shall have power to construct, operate or manage any housing project."

An agency which might be created under this act is given the authority to investigate housing conditions; determine where unsafe housing conditions exist; to purchase, obtain options upon, acquire by eminent domain, gift, grant, bequest, devise or otherwise real and personal property, to replan slum areas and clear the land. But such an agency must sell the real property, subject to covenants of development, construction and use in accordance with the plan, such covenants to run with the land, and such real property to be sold to any individual, private corporation or unincorporated association. The purchaser is required to execute a separate contract to guarantee the prompt use and development of such real property in accordance with the plan.

The act here under consideration shows upon its face that it attempts to make an arbitrary classification without proper relation to the subject matter. We are unable to see any logical relation between the classification here employed and the purpose to be attained. We take judicial notice of the fact that Birmingham, the county seat of Jefferson County, is the largest city in this State. It is the center of a great industrial area. There are other populous municipalities in Jefferson County wherein large industrial plants are operated. That there is a lack of safe or sanitary dwellings in such municipalities is declared to be a fact by § 1 of the act,

which further declares that as a result of such shortage, persons of low income are forced to reside in unsanitary or unsafe dwelling accommodations. It is further declared in § 1 that such conditions cannot be remedied by the ordinary operations of private enterprise.

Irrespective of the fact that such conditions exist and cannot be remedied by the ordinary operations of private enterprise, this act operates to leave to private enterprise the responsibility of constructing and operating housing projects in the populous municipalities of Jefferson County, whereas public housing authorities may carry out such functions in the other municipalities in Alabama.

The act before us cannot survive the test, heretofore stated, by which the character of an act, whether general or local, is to be determined. Judicial ingenuity would exhaust itself in the effort to find any rational basis for the classification it presents. Certainly the fact that the municipalities affected are in the largest county in Alabama bears no legitimate relation to the purpose of the act.

In spite of our hesitancy to nullify legislative enactments, judicial candor will not permit us to overlook the obvious fact that this act, both in its conception and in its calculated operation, was local in character. We can only interpret this act as fixing a difference in population purely arbitrary and without pretext of reason or necessity, or substantial merit, and therefore is a local law pure and simple. It is not saved by a classification reasonably related to its purpose and justifying the discrimination exhibited. The requirements of § 106 of the Constitution not having been met, the act here under consideration is void and must be stricken.

In view of the conclusion which we have reached above, we forego any consideration of the other grounds upon which the constitutionality of the act was assailed.

The decree of the circuit court is affirmed.

Affirmed.

All the Justices concur.