114 So.2d 568

**George Dewey SMITH**

v.

**J. T. LANCASTER et al.**

**7 Div. 448.**

Supreme Court of Alabama.

Sept. 17, 1959.

Lusk, Swann & Burns, Gadsden, for appellant.

Hawkins & Rhea, Gadsden, for appellees.

GOODWYN, Justice.

This is an appeal by the complainant from a final decree of the circuit court of Etowah County, in equity, rendered on February 11, 1959, in a declaratory judgment proceeding holding that Act No. 429, appvd. Aug. 27, 1953, Acts 1953, Vol. I,

p. 529, is not violative of "any of the provisions of sections 45, 106 and 110 of the Constitution of Alabama"; that it is "based on a substantial difference in the population upon which the classification is made and such classification is reasonably related to the purposes to be effected by the Act"; and that it does not "discriminate unfairly and unconstitutionally against this plaintiff in the performance of his vocation as a journeyman plumber."

Act No. 429 is in the form of what is sometimes referred to as a "general law of local application." It was passed as a general law. If it is in fact a local law it is defective because "notice of the intention to apply therefor" was not published as required by § 106 of the Constitution. The critical, and perhaps the most serious, question bearing on its constitutionality is whether it is a local law as defined in § 110 of the Constitution.

By its terms, Act No. 429 is operative only in counties "having a population of not less than 80,000 nor more than 94,000 according to the last or any subsequent Federal decennial census." Its title is as follows:

"An Act

"Regulating through licensure the occupation of plumbing in counties in Alabama having a population of not less than 80,000 nor more than 94,000 according to the last or any subsequent decennial Federal census; creating a board of plumbers examination and registration in such counties for the purpose of examining and licensing master plumbers and journeyman plumbers; providing for the appointment and term of office of members of such board and prescribing the organization, powers and duties of the board; fixing standards for master and journeyman plumbers and prescribing examination and certification fees and authorizing their collection and disbursement; authorizing the revocation and renewal of such certifications and prescribing the procedures

therefor; and providing penalties for violations of this Act."

As argued here, appellant insists, in short, that Act No. 429 is unconstitutional because:

I. The prescribed population classification is not reasonably related to the purposes to be effected by the Act (Constitution, §§ 106 and 110).

II. Its subject is not clearly expressed in its title (Constitution, § 45).

III. It presents a double classification (Constitution, §§ 106 and 110).

## I.

Section 106 of the Constitution requires publication of notice of the intention to apply for passage of a "special, private, or local law." It contains this significant provision:

"* * * The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."

Section 110 of the Constitution provides as follows:

"A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."

The question is whether Act No. 429 is a general or a local law, as those terms are defined in § 110. If it is a local law it necessarily follows that it is void because the notice required by § 106 was not given.

■ It is well-settled that a law based upon a population classification may, under limited conditions, be enacted as a "general" law. Couch v. Rodgers, 253 Ala.

533, 45 So.2d 699; Taxpayers and Citizens of City of Mobile v. Board of Commissioners of City of Mobile, 252 Ala. 446, 454, 41 So.2d 597; State ex rel. Rountree v. Summer, 248 Ala. 545, 547, 28 So.2d 565; City of Birmingham v. Moore, 248 Ala. 422, 423–424, 27 So.2d 869; McCoy v. Jefferson County, 232 Ala. 651, 653, 169 So. 304; Ex parte Ashton, 231 Ala. 497, 499, 165 So. 773, 104 A.L.R. 54; State ex rel. Shirley v. Lutz, 226 Ala. 497, 500, 147 So. 429; Wages v. State, 225 Ala. 2, 141 So. 707; State ex rel. Ward v. Henry, 224 Ala. 224, 228, 139 So. 278; Kearley v. State ex rel. Hamilton, 223 Ala. 548, 137 So. 424; Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Walden v. City of Montgomery, 214 Ala. 409, 410–411, 108 So. 231; Vaughan v. State ex rel. Dawson, 212 Ala. 258, 259, 102 So. 222; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373; Reynolds v. Collier, 204 Ala. 38, 85 So. 465; State ex rel. Saltsman v. Weakley, 153 Ala. 648, 45 So. 175.

■■ The applicable rule is thus stated in City of Birmingham v. Moore, supra [248 Ala. 422, 423–424, 27 So.2d 871]:

"* * * The difference in population must be substantial, and the classification must be made in good faith and must be reasonably related to the purpose to be effected by the act. If these conditions exist, the fact that at the time the law may be applicable to only one political subdivision of the State will not suffice for its condemnation. On the other hand, if the classification is not in good faith, bears no reasonable relation to the difference in population upon which it rests in view of the purpose to be effected by such legislation, and was arbitrarily fixed, the law will be condemned as local, and as having been passed merely under the guise of a general law in violation of the Constitution. * *"

■ It is our view that the Act cannot survive this test. Specifically (without passing on the other elements), we do not

think the population classification is "reasonably related to the purpose to be effected by the act." In other words, how can it be said that the purpose to be accomplished by this Act, passed as a health measure, has any reasonable relationship just to those counties coming within the limited population range of 80,000 to 94,000? Concededly, Etowah was the only county within that range when the Act was passed and is the only county which could possibly be affected by it until after the 1960 Federal decennial census.

According to the 1950 decennial census Etowah County had a population of 93,892. So, if the 1960 census shows an increase in its population of as little as 109 it will not then be subject to the Act.

Certainly, it seems to us, if the purpose of the Act is reasonably related to Etowah County now, because of its present population, it would continue to be so related, and more so, after the County has increased in population beyond the maximum of the prescribed classification. As already noted, the Act is essentially a health measure, referable to the police powers of the State. And its purpose undoubtedly is more closely—more reasonably—related to conditions found in the counties having the largest population. See State ex rel. Shirley v. Lutz, supra. But it will not apply to Etowah after the 1960 census if there has been an increase in population beyond the fixed range.

Appellees rely heavily on State ex rel. Shirley v. Lutz, supra. But the Act there considered is clearly distinguishable from the one now before us. That Act created a State Plumbers Board with application to counties having a decennial census population of 100,000 or more, while Act No. 429 provides for a County Board in any county having a population of not less than 80,000 nor more than 94,000. As said in Couch v. Rodgers, supra, in discussing the Lutz case [253 Ala. 533, 45 So.2d 701]:

" * * * The Court emphasized the different principles applicable when there is only a minimum but not a maximum number. When there is only a minimum, the Court thought a more liberal application of the principle should be made. * * *"

The Act declared unconstitutional in Couch v. Rodgers, supra, was one regulating the business of barbering in counties having a Federal decennial census population of not less than 46,500 nor more than 48,000, applicable only to Cullman County. A number of this court's decisions bearing on the question now before us were there discussed. It seems to us that the holding in that case lends strong support to appellant's insistence. As there said:

"If there is any reason why a county having a population within the range of a minimum of 46,500 and a maximum of 48,000 should have a special classification for the purpose of setting up a barbers' commission as prescribed in the Act here in question, so as to make it 'general' under section 110 of the Constitution, we do not see the basis for it. Vaughan v. State, 212 Ala. 258, 102 So. 222 [supra]."

The Act in the Lutz case (Act No. 628, appvd. Aug. 24, 1931, Gen.Acts 1931, p. 764) was applicable to Jefferson and Mobile Counties, the State's two largest in population. In 1935 the same Act was passed with a population classification of 80,000 or more, thereby making Montgomery County also subject to it (Act No. 472, appvd. Sept. 13, 1935, Gen.Acts 1935, p. 995). Act No. 472 was included in the 1940 Code as subdivs. 1 and 2 of Art. 17, Tit. 62. These two subdivisions were repealed by Act No. 486, appvd. Aug. 30, 1949, Acts 1949, p. 709. At the same session another Act, containing provisions similar to Acts 628 and 472, was passed creating a State Plumbers Board and made applicable in all counties having a population of not less than 140,000, that is, Jefferson and Mobile Counties (Act No. 529, appvd. Sept. 2, 1949, Acts 1949, p. 827; Code 1940, Tit. 62, 1955

Cum.Pock.Part, §§ 134(2)–134(17), pp. 60–66). According to the 1950 census, there are two counties, Montgomery (with a population of 138,965) and Tuscaloosa (with a population of 94,092), having a population of more than 94,000 and less than 140,000. Thus it can be seen that there is in effect a State Plumbers Board operative in the two largest counties and another Act providing for county boards in counties having a population of not less than 80,000 nor more than 94,000. What rational basis is there for saying that the regulation of plumbing is reasonably related to counties having a population of 80,000 to 94,000 when counties having a larger population (Montgomery and Tuscaloosa counties) are omitted from coverage of similar acts?

It is our view, too, that the Act, in effect, is limited to operation within the corporate limits of municipalities located in any county having the prescribed population. That being so, on what basis can it be said that the purpose of the Act is reasonably related to municipalities, of whatever size, which happen to be located somewhere within any such county and is not so related to other municipalities of comparable size in other counties? A classification based on population must find justification in the subject matter of the Act. As already noted, the essential purpose of Act No. 429 is to preserve the health of the inhabitants of the affected areas. We can think of no basis for saying that there is a reasonable need for this health measure in the municipalities located in the affected counties and not a similar need in other comparable municipalities throughout the State.

Equally applicable here is the following from Vaughan v. State, supra [212 Ala. 258, 259, 102 So. 223]:

"Notwithstanding our aversion to the nullification of legislative enactments, judicial candor will not permit us to close our eyes to the patent fact that this act, both in its conception and in its calculated operation, was local in its character; * * *."

Also applicable is the following from State ex rel. Saltsman v. Weakley, supra [153 Ala. 648, 45 So. 176]:

"* * * While we do not wish to recede from our former decisions on this subject, and do not intend by this opinion to give the backing signal, we do think the subject and occasion appropriate for an application of judicial brakes, else section 110 of the Constitution will be absolutely emasculated. * * *"

## II and III.

In view of the holding under I, we pretermit discussion of the other two questions as being unnecessary to a decision.

From what we have said it follows that the decree appealed from is due to be reversed and one here rendered declaring Act No. 429 to be invalid.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.