156 So.2d 151

### OPINION OF THE JUSTICES.
### No. 178.

Supreme Court of Alabama.

Aug. 29, 1963.

The Senate of Alabama
Senate Chamber
State Capitol
Montgomery, Alabama

Gentlemen:

We are in receipt of Senate Resolution No. 48, which reads as follows:

"RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, or a majority of them, are respectfully requested to give this body their written opinions concerning the following important constitutional questions which have arisen in reference to the pending bill, H.B. 185, a true copy of which is attached hereto and incorporated herein by reference:

"1. Does said bill violate Article 4, Section 45 of the Constitution of Alabama 1901?

"2. Does the proviso incorporated in the bill, which would be presently applicable to Marshall County only, make the proposed law a local law within the meaning of Article 4, Section 110 of the Constitution?

"3. Would the proposed law violate Article 4, Section 105 of the Constitution?

"RESOLVED FURTHER, That the Secretary of the Senate is directed to send forthwith to the Clerk of the Supreme Court of Alabama four true copies of this resolution."

House Bill No. 185 reads as follows:

"A BILL
TO BE ENTITLED
AN ACT

"To amend Act No. 71, S. 94, Regular Session 1959 (Acts 1959, V. 1, p. 477), an act relating to the effective date for changes in form of municipal government.

"BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

"Section 1 of Act No. 71, S. 94, Regular Session 1959 (Acts 1959, V. 1, p. 477), an act relating to the effective date for changes in form of municipal government, is hereby amended to read as follows:

"Section 1. That no change from the mayor-council form of municipal government to the commission form of municipal government hereafter directed by vote of the electors of any municipality in this state shall become effective until October first of the general municipal election year next following the election at which such change is voted. No change from the commission form of municipal government to the mayor-council form of municipal government hereafter directed by vote of the electors of any municipality in this state shall become effective until October first of the general municipal election year next following the election at which such change is voted. The term of any commissioner which might expire before such date is hereby extended until such date when the form of government changes. Provided, however, in counties having populations of not less than 47,000 nor more than 49,000, according to the most recent federal decennial census, when any city having the commission form of government prescribed in Article 1 of Chapter 4, Title 37, Code 1940, changes to the mayor-council form of government, the mayor and aldermen shall be elected on the third Tuesday in August next thereafter following and shall take office on the first Monday in October following their election."

We are of the opinion that the proviso incorporated in House Bill No. 185 makes the proposed law a local law within the meaning of Article 4, Sec. 110 of the Constitution of Alabama 1901. We, therefore, answer your Question No. 2 in the affirmative, and which answer, we think, renders it unnecessary to answer Questions numbered 1 and 3, as we are advised that House Bill No. 185 has not been advertised, as is required by Sec. 106 of the Constitution of 1901 in respect to local laws.

Section 110 of the Constitution of 1901 provides that "A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; * * *."

In the case of Reynolds v. Collier, 204 Ala. 38, 85 So. 465, it was said:

"In State ex rel. Crenshaw v. Joseph, supra [175 Ala. 579, 57 South. 942], commenting upon the case of State ex rel. v. Weakley, supra [153 Ala. 648, 45 South. 175], the court called attention to the fact in that case it was held 'that indiscriminate classification as a mere pretext for the enactment of laws essentially local or special cannot be allowed'; and in the same opinion was cited Ayar's Appeal, 122 Pa. 266, 16 Atl. 356, 2 L.R.A. 577, where it was held that the 'basis of classification was pushed to such extent as the court was required to pronounce it void.' In Board of Revenue v. Huey, supra [195 Ala. 83, 10 South. 744], speaking to this question of classification, the court said:

"'If * * * an element going to mark the distinction or discrimination sought to be established is without reasonable relation to the thing to be effected and the purpose to be

accomplished by the legislation, guised as a general law, the legislative effort must fail because the means of attempted classification are inapt and inappropriate, and hence is arbitrary.'

"And in the Weakley Case, this court sounded a distinct note of warning to the lawmaking department against the passage of laws with classification so drawn as to be an evasion of the Constitution. The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld."

Among the more recent decisions to like effect are Thomas v. Ferguson, 267 Ala. 383, 102 So.2d 20; Smith v. Lancaster, 269 Ala. 579, 114 So.2d 568; In re Opinion of the Justices, 262 Ala. 425, 81 So.2d 295, and City of Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869.

The subject matter of House Bill No. 185, the bill of instant concern, deals with and relates solely to cities, while the spread of the population, in an effort to give it the appearance of a general law with local application, refers to county population alone.

The classification of the proviso of House Bill No. 185 bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law. It is, therefore, in plain violation of the Constitution and cannot be upheld.

Respectfully submitted,

J. ED. LIVINGSTON
Chief Justice

ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
ROBERT B. HARWOOD
Justices