82 So.2d 798

James S. FREEMAN

v.

CITY OF JASPER et al.

6 Div. 963.

Supreme Court of Alabama.

Oct. 13, 1955.

408

Curtis & Maddox, Jasper, for appellant.

Bankhead & Petree, Jasper, for appellees.

GOODWYN, Justice.

This is an appeal by the complainant from a final decree of the circuit court of Walker County, in Equity, in a declaratory judgment proceeding holding valid and constitutional Act No. 464, approved Sept. 9, 1955, a local law applicable only within Walker County. The said Act, in pertinent part, provides as follows:

"Section 1. Every registered voter who lives within the police jurisdiction of a city or town in Walker County, shall be entitled to vote at any and all municipal elections held by the city or town within whose police jurisdiction he resides notwithstanding the fact that he resides outside the corporate limits of such municipality.

"Section 2. The governing body of each city or town in Walker County, when designated [sic] voting places for the wards in the city or town shall also designate the place or places at which qualified electors authorized by Section 1, hereof to vote in the election in such municipalities may vote, and such electors may vote at the designated places and nowhere else."

It is obvious that the Act has for its purpose the bestowal on voters in Walker County who reside outside the corporate limits but within the police jurisdiction of a municipality in said County the right to vote in elections held in such municipality. That means that voters who reside within three miles of the corporate limits of a municipality having 6,000 or more inhabitants, or within a mile and a half of the corporate limits of a municipality having less than 6,000 inhabitants, are made eligible to vote in all elections held in such municipalities. Code 1940, Tit. 37, § 9.

It is insisted that the Act, contrary to the holding of the trial court, is violative of the following sections of the Alabama Constitution of 1901, viz.: § 104, Subdivision 29; § 105; § 178 [As amended by Amendment 96, proclaimed ratified December 28, 1953]; § 184; § 190.

We have concluded that the Act is clearly violative of Section 190 and see no need, therefore, of determining whether it is also repugnant to any of the other provisions of the Constitution.

That part of Section 190 with which we are here concerned provides as follows:

"Sec. 190. The legislature shall pass laws not inconsistent with this constitution to regulate and govern elections

(a) and all such laws shall be uniform throughout the state; and shall provide by law for the manner of holding elections and of ascertaining the result of the same, * * *."

So, what we have to determine is whether Act No. 464 is a law "to regulate and govern elections" and, if so, whether it has "uniform" application "throughout the state".

█ In construing the words "regulate and govern" we have held that they are defined by the clause which follows them viz.: "and [the legislature] shall provide by law for the manner of holding elections and of ascertaining the result of the same". State ex rel. Austin v. Black, 224 Ala. 200, 204–205, 139 So. 431, 434. As there said:

"The added words to section 190, Constitution of 1901, 'shall provide by law for the manner of holding elections and of ascertaining the result of the same,' to the provisions of the former Constitution were in the nature of a constitutional definition or limitation upon the general provisions contained in section 5, article 8 of the Constitution of 1875. And thus were the words 'regulate and govern' defined by the makers of the Constitution as to the matter of substantive requirements for uniformity. State ex rel. Porter **v.** Crook, 126 Ala. 600, 28 So. 745."

And, in McCall v. Automatic Voting Mach. Corporation, 236 Ala. 10, 12, 180 So. 695, 696, it was said that the foregoing quotation from State ex rel. Austin v. Black, supra, meant that

"uniformity was not to be excluded, but was specially applicable to laws for the 'manner of holding elections and of ascertaining the result of the same,' and did not apply to the calling or fixation of the date of local elec-

tions and, we may add, the naming of the place or structure in which the elections were to be held as dealt with in the case of Lovejoy v. Beeson, 121 Ala. 605, 25 So. 599."

█ We cannot escape the conclusion that Act No. 464 provides for "the manner of holding elections and of ascertaining the result of same"; and, since it is a local law applicable only within Walker County, it is not "uniform throughout the state". Thus, it is contrary to the plain mandate of Section 190 and cannot stand. It seems clear to us that giving to voters residing within the police jurisdictions of the several municipalities in Walker County the right to vote in municipal elections relates to "the manner of holding elections and of ascertaining the result of the same". Before any election can be held or the result ascertained those entitled to participate in the election must first be determined. To a certainty, then, a law designating those entitled to vote in an election is one, to that extent, providing for the "manner" of holding the election and of ascertaining the result thereof.

We make it clear that nothing we have said is to be taken as indicating that a general law authorizing the participation in municipal elections by voters residing outside the corporate limits but within the police jurisdictions of the several municipalities of the state would be valid. We simply do not have that question before us at this time. In this connection we note, in passing, the argument made that the situation created by Act No. 464 is "representation without taxation," the reverse of "taxation without representation," but refrain from entering upon a discussion of it as being unnecessary to a decision.

Reversed and rendered.

All the Justices concur.