204 So.2d 483

**Roy R. DUNCAN, Jr.**

v.

**J. Paul MEEKS, Judge of Probate et al.**

**6 Div. 397.**

Supreme Court of Alabama.

Nov. 9, 1967.

Frank H. McFadden, Birmingham, for appellant.

John S. Foster, Birmingham, for appellee Meeks.

John A. Jenkins and J. R. Jenkins, Birmingham, for appellee-intervenors.

LAWSON, Justice.

This appeal presents but one question, namely, the constitutional validity of Act 216, approved August 3, 1965, General Acts 1965, Vol. 1, p. 301, the pertinent provisions of which read:

"Section 1. This act shall apply to any county of the State which has a population of 500,000 or more according to the last or any subsequent federal census and to no other county.

"Section 2. In any county to which this act applies the provisions of Section 3 of

the act shall apply in the election of the following officers: Members of the House of Representatives of the State of Alabama representing said county; the member or members of the Senate of the Legislature of the State of Alabama representing said county where only the qualified electors of said county participate in the election of the member or members of the Senate representing the said County; the Judges of the Circuit Court where only qualified electors of said county or only qualified electors of a part of said county participate in the election of the Circuit Judges serving in the county; the members of the governing body of the county; the Probate Judge; the Sheriff; the Tax Collector; the Tax Assessor; the County Treasurer; justices of the peace; constables; the deputy of any of the foregoing officers where such deputy is elected by the voters residing in a designated part of the county; and any other county officer elected at or in an election in which only qualified electors of said county or the qualified electors of a designated part of said county are entitled to vote.

"Section 3. In voting for candidates seeking the offices held by the officers enumerated in Section 2 of this act, an elector shall not vote a straight ticket, that is the party ticket; but he shall vote separately for each of the said candidates by pulling the lever for each of the candidates, separately, or by making a cross-mark before the names of the candidates for whom he desires to vote. Voting machines used in any election subject to the provisions hereof shall be so set and the ballots, if ballots are used in any such election, shall be so prepared as to prevent any elector from voting the party ticket for any candidate seeking an office held by any officer enumerated in Section 2 of this act."

The trial court held Act 216 valid and from the decree so holding the complainant below has appealed to this court.

The constitutionality of Act 216 was assailed upon several grounds, one of which was that it is a local law and therefore violative of § 104(29) of the Constitution of Alabama of 1901, which provides that the Legislature shall not pass a local law providing for the conduct of elections.

It is obvious that Act 216 does relate to the conduct of elections. Freeman v. City of Jasper, 263 Ala. 407, 82 So.2d 798.

We come to the question as to whether Act 216 is a general or local law.

We judicially know that at the time of its passage, Act 216 could apply only to Jefferson County. City of Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869. For its generality the Act rests upon a population classification, recognized under limited conditions as a proper basis for classification by many decisions of this court. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231; Griffin v. Drennen, 145 Ala. 128, 40 So. 1016.

However, the conditions justifying such classification are equally well established by our cases. The difference in population must be substantial and the classification must be made in good faith and must be reasonably related to the purposes to be effected by the act. If these conditions exist, the fact that at the time the law may be applicable to only one political subdivision of the state will not suffice for its condemnation. On the other hand, if the classification is not in good faith, bears no reasonable relation to the difference in population upon which it rests in view of the purpose to be effected by such legislation and was arbitrarily fixed, the law will be condemned as local and as having been passed merely under the guise of a general law in violation of the Constitution. Reynolds v. Collier, 204 Ala. 38, 85 So. 465; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373; Vaughan v. State ex rel. Dawson, 212 Ala. 258, 102 So. 222; State ex rel. Saltsman v. Weakley, 153

Ala. 648, 45 So. 175; Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

In our opinion, Act 216 shows upon its face that it attempts to make an arbitrary classification without proper relation to the subject matter and is, therefore, a local law. Thomas v. Ferguson, 267 Ala. 383, 102 So. 2d 20; McDowell et al. v. Columbia Pictures Corporation et al., 281 Ala. 438, 203 So.2d 454, decided October 26, 1967.

We are unable to see any logical relation between the classification here employed and the purpose to be attained, namely, to prevent electors in Jefferson County from voting a straight party ticket for certain nominees in general elections held in Jefferson County.

We are not here concerned with the question as to whether the Legislature can by a general law prohibit the voting of a so-called straight party ticket, but we are clear to the conclusion that Act 216 is a local law under the decisions of this court previously cited and must fall as being a violation of § 104(29) of the Constitution of 1901. We can see no merit in the contention asserted in brief filed in this court on behalf of the respondents below to the effect that such a law is needed in the largest county in the state because the candidates in that county are not as well known to the electors generally as candidates are known to the electors in less populous counties. It is interesting to note that Act 216 does not apply to all nominees in a general election. It does not apply to those who are running state-wide and certainly the electors of Jefferson County are equally as ill-informed as to the qualifications of such candidates as they are to those nominees to be elected by the electors of Jefferson County alone. Also, there are several large counties in this state, although not as populous as Jefferson, where the nominees may not all be well-known to the electorate of those counties.

We are also of the opinion that Act 216 violates the uniformity requirement of § 190 of the Constitution of Alabama, which in pertinent part reads: "The legislature shall pass laws not inconsistent with this Constitution to regulate and govern elections (a) and all such laws shall be uniform throughout the state; * * *"

We cannot agree with the position taken by appellees to the effect that Act 216, if a local law, is valid by virtue of the provisions of Amendment XLI to the 1901 Constitution, which amendment will be set out in the report of the case.

The meaning of Amendment XLI was in issue in Abrasley v. Jefferson County et al., 241 Ala. 660, 4 So.2d 153, which was a petition for a declaratory judgment against the members of the County Commission of Jefferson County to determine the right of the parties with respect to the voting machine law. The real issue in the case was whether or not Jefferson County would be required to buy voting machines after the voters of the county had approved the use thereof. Because the County Commission maintained that it was prohibited from incurring a debt for the purpose of purchasing, renting or otherwise acquiring the voting machines, we held that the county would not have to buy the voting machines, and in the course of the opinion we said:

"The Voting Machine Amendment to the Constitution, see, Act of March 31, 1939, Special Session of 1939, page 20 [Amendment XLI], in no respect places an obligation on a county which is a limitation on section 224, Constitution. The purpose of that amendment was to grant authority to the legislature, by general or local law, *to permit the use of voting machines.* It was evidently the result of the decision of this Court in McCall v. Automatic Voting Machine Corp., 236 Ala. 10, 180 So. 695. This amendment is not self-acting, but requires an enabling act or acts. It is not mandatory, but grants merely authority to the legislature *so as to relieve the election law of the necessity of uniformity throughout the State in this respect. Its whole tenor is*

*one of subservience to constitutional limitations in all other respects.* The legislature has a wide discretion, but it is to be exercised within constitutional requirements. * * *" (Emphasis added) (241 Ala. 665, 4 So.2d 157).

For the reasons indicated, the decree of the trial court is reversed and one will be rendered here declaring Act 216 to be unconstitutional.

Reversed and rendered.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.