HOUSTON, Justice.
On March 8, 1984, the Alabama legislature adopted Act No. 84-51, H. 323 (hereinafter referred to as the Recall Act) which created a mechanism by which the voters of Phenix City might remove from office, before expiration of their terms, members of the Phenix City Council. Soon after the Act came into effect, a number of the citizens of Phenix City filed a petition with the probate judge calling for the recall of councilman Thomas F. Worthy.
In order to quash the recall efforts, Worthy filed a complaint for declaratory judgment and for incidental relief. Moreover, he requested a temporary injunction to restrain Phenix City from conducting a recall election during the pendency of his declaratory judgment action. The trial court granted the temporary injuction. At this point in the case, the trial court allowed Lamar Carden, a member of “citizens for good Government,” a group of Phenix City citizens active in the recall efforts against Worthy, to intervene as a party defendant.
Worthy filed a motion for summary judgment. After a hearing on the motion, the trial court entered summary judgment in favor of Worthy, on the grounds that the Recall Act is unconstitutional. Carden appeals.
A summary of the provisions of the Recall Act is as follows:
To begin the recall process, 20% of the registered voters of Phenix City must sign and file with the probate judge a petition asking for the recall of a city councilman. The petition must include a general statement of the ground or grounds on which recall is sought. The probate judge must then decide whether the petition meets certain requirements, e.g., whether the signatures on the petition are genuine. If the probate judge finds that the petition'does meet those requirements, he is to issue a certificate so stating, and he is to attach that certificate to the petition.
A copy of the petition and certificate is then to be delivered to the city council at one of its regular meetings; if the councilman named in the petition does not resign *38 before the next council meeting, the council must then order an election to be held not less than thirty days nor more than 60 days from the date of the meeting. At the election the question will be put to the voters whether the named councilman shall be recalled. If a majority of the voters at the election vote for the recall, and the number voting for recall is equal to or greater than 20% of the registered voters in Phenix City, then the councilman is recalled; otherwise, he continues in office as if no election had been held. Another recall election may not be held involving the same councilman during the remainder of his term.
The Act provides means for replacing a recalled councilman and includes prohibitions against misuse of the recall procedures. It also contains a severability clause in case any of its parts are déclared unconstitutional.
The main question for our review is whether the Recall Act violates Amendment No. 41 of the Constitution of Alabama, 1901. Amendment No. 41 (which amends original § 190) provides in pertinent part:
“The legislature shall pass laws not inconsistent with this Constitution to regulate and govern elections and all such laws shall be uniform throughout the state ...; and shall provide by law for the manner of holding elections and of ascertaining the result of the same....”
In Freeman v. City of Jasper, 263 Ala. 407, 409, 82 So.2d 798, 799 (1955), this Court stated that the words “regulate and govern” in Amendment No. 41 “are defined by the clause which follows them, viz.: ‘and [the legislature] shall provide by law for the manner of holding elections and of ascertaining the result of the same.’ ” (Citations omitted.) Therefore, we must determine whether the Recall Act is a law providing “for the manner of holding elections and of ascertaining the result of the same,” and, if so, whether it has “uniform” application “throughout the state.”
We must conclude that the Recall Act is a law providing “for the manner of holding elections and of ascertaining the result of the same.” The law provides a mechanism whereby an election to recall a public official may be held; it sets forth the number of signatures required to file a petition requesting such election; it mandates that the city council call an election if the named councilman does not resign in the face of the petition; it outlines a time period within which the council must act to call the election; it specifies the form of the question to be put to the voters; and it provides a method for calculating whether the votes in favor of the recall are sufficient to achieve that result. Because the Act is a local law applicable only to Phenix City, and since it “regulates and governs” a form of election mandated only for that city, it is unconstitutional under Amendment No. 41.
Although in one case, State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431 (1932), this Court upheld an election statute applicable only to Geneva County, that statute was upheld because it was enacted for the limited purpose of ordering a special election to select a county superintendent of education. The general law regarding special elections provided and prescribed the details of how the election was to be carried out, so the constitutional requirement of uniformity was not violated by the Act. The Recall Act before us, however, purports to prescribe all the machinery and details relating to recall elections generally; this must be so because there is no general law in this state regarding recall elections. Thus, because the Act is directed only to Phenix City, it cannot pass constitutional muster under the uniformity requirement of Amendment No. 41.
Furthermore, although the Act contains a severability clause, no part of the statute can be saved by that provision. Every part of the statute contributes in some way to the implementation of a recall process for Phenix City only. Since no part of the Act can stand alone and be valid, the Act is void in its entirety. Mitchell v. Mobile County, 294 Ala. 130, 313 So.2d 172 (1975).
*39 We conclude, therefore, that the trial court’s entry of summary judgment in favor of Worthy was appropriate. We affirm.
One other issue raised by the parties deserves note. That issue concerns whether a statute providing for recall procedures can ever be validly enacted under our state constitution. In his brief, Worthy cited this Court’s holding in Williams v. State ex rel. Schwarz, 197 Ala. 40, 72 So. 370 (1916), that impeachment is the exclusive means of removal of public officials under §§ 173 and 175 of our constitution. Carden, on the other hand, argued that Williams should be overruled. It is not necessary for us to consider this issue in the decision we reach today, but we are ready to consider the issue if it is presented in the proper case.
AFFIRMED.
MADDOX, ALMON and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result.