198 So.2d 778

**OPINION OF THE JUSTICES.**

**No. 190.**

Supreme Court of Alabama.

May 1, 1967.

See also 280 Ala. 653, 197 So.2d 456.

———◆———

The Resolution of the Senate is as follows:

RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, are respectfully requested to give this body their written opinions concerning the following important constitutional questions which have arisen in reference to the pending bill, H.B. 152 as substituted by the House, a true copy of which is attached hereto and incorporated herein by reference:

1. Does this bill propose a local law within the meaning of Article 4, Section 110 of the Constitution of Alabama?

2. Does this bill propose a local law violative of Article 4, Section 105 of the Constitution?

3. Are the provisions of Section 4 of the bill violative of Article 6, Section 158 of the Constitution?

4. Do the provisions of the bill provide for an unconstitutional delegation of judicial power?

The proposed substitute bill is as follows:

Section 1. This Act shall apply to Probate Courts and to the Office of Judge of Probate in all counties having a population of 600,000 or more, according to the last or any subsequent decennial federal census. There shall be an Assistant Judge of Probate in each said county, who shall be

learned in the law, over the age of twenty-five years and a resident of the county for one year or more next preceding the date of taking office, who shall be appointed by the Judge of Probate from a list of three eligibles selected and submitted to him as follows: If there is in such county a Judicial Commission pursuant to law or any amendment to the Constitution of Alabama to select eligibles for appointment to vacancies in the office of Circuit Judge in such county, the Judicial Commission shall accept applications and submit the names of the three best qualified persons to the Judge of Probate, in the same manner as the Judicial Commission would select eligibles for appointment to a Circuit Judge vacancy. If there is no such Judicial Commission in such county, or if such Judicial Commission fails to act, then a committee composed of three members— (1) one of whom shall be a circuit judge of such county appointed by the presiding judge of the circuit court of such county, (2) one shall be a practicing lawyer experienced in probate court matters in such county to be appointed by the president of the Bar Association having the largest membership in such county, and (3) one shall be a non-member of the Bar Association appointed by the County Commission or other county governing body—shall receive applications and certify the three deemed best qualifed for such office. Vacancies shall be filled in like manner. The members of such Judicial Commission or other committee shall serve without compensation for such services.

Section 2. Under the general authority, supervision and direction of the Judge of Probate, such Assistant Judge shall be the chief administrative officer of such probate court, and further shall have the following authority and powers:

1. All of the powers, authority and responsibilities now vested or which may hereafter be vested by law in the chief clerk of such court, and specifically all powers, duties, authority and responsibilities provided in Chapter 5 of Title 13 Code of Alabama of 1941 (sic) as recompiled by 1958 Code, for the chief clerk.

2. All authority, powers, duties and responsibilities of the clerk-and-register of any such probate court, as provided in Act No. 558 of the Regular Session of 1959 of the Legislature of Alabama.

3. To serve as master and hold references in matters involving contested claims and ascertainments of condemnation awards, and make written report of the findings.

4. To appoint administrators ad litem and appoint notaries public and to appoint legal representatives for receipents (sic) of public assistance funds, when such duties and authority is vested in the judge of probate.

5. To hear and determine petitions for adoptions, change of names, legitimations, annexation and other municipal elections, and applications for commitment of mental patients, where there is no contest.

6. To do all other acts and things and perform all other duties, where there is no contest, that the judge of probate could do and perform.

All of the official acts of such Assistant Judge of Probate must be performed in the name of the Judge of Probate, except as otherwise authorized by law. The assistant judge of probate may be appointed to serve as special judge of probate in accordance with such authority as is now provided by Section 310 of Title 13, Code of Alabama.

Section 3. Such Assistant Judge of Probate, before he enters upon his duties, must take the oath directed to be taken by the officers of this state, and give bond, with surety, in the manner and as required of the chief clerk of the probate court under the same conditions and penalties as are provided in Section 301 of Title 13, Code of Alabama of 1940, as amended, by 1958

Recompiled Code, and other provisions of law applicable to such office in such county, the costs and expenses of which shall be paid for as costs of the official bonds for other county officers in such county are paid.

Section 4. The Assistant Judge of Probate shall be a county officer, and shall serve under the provisions of laws applicable to such office, and he shall be entitled to the same benefits as other county officers are entitled. He shall be subject to the same liabilities, penalties and responsibilities for his acts as are provided by law for or on the Judge of Probate. The Assistant Judge (or Associate Judge) shall hold office for the term of the judge appointing him, but subject to removal by the Judge for cause by order to be entered at length on the minutes of the court. The beginning salary for the first named Assistant Probate Judge shall be a sum not less than $15,000.00 nor more than $16,-500.00 per year, to be fixed and approved by the County Commission or other County Governing body, and such salary shall be paid and increased or lowered as other county officers salaries are increased or lowered, and paid.

The Senate of Alabama
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of Senate Resolution No. 46, wherein the Justices of this Court are requested to give their opinion as to whether the substitute for House Bill No. 152 violates certain designated sections of the Constitution of Alabama 1901

■ Question 1. Does this bill propose a local law within the meaning of Article 4, Section 110, of the Constitution of Alabama?

Section 110, supra, reads:

"A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."

■ In passing upon the validity of the Act, this Court will indulge all presumptions and intendments in favor of its constitutionality, and will not assume that the population classification was arbitrarily fixed, but rather was fairly arrived at for the purpose of meeting conditions in larger and more populous counties.

As well stated in Wages v. State, 225 Ala. 2, 141 So. 707:

"This court has long committed itself, in line with the holdings of other courts, to the proposition that population classification, made the basis for enactments, would be sustained in cases where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrarily. Acts passed as general laws, based upon such population classification, and meeting the above test, are valid in that respect, although at the time of their enactment they can and do only apply to one county or city in the state. State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373; Board of Revenue of Jefferson County et al v. Huey, 195 Ala. 83, 70 So. 744; State ex rel. Gunter et al. v. Thompson et al., 193 Ala. 561, 69 So. 461; State ex rel. Mims v. Bugg et al., 196 Ala. 460, 71 So. 699."

This same principle has been enunciated in several other cases. See Dearborn v. Johnson, 234 Ala. 84, 173 So. 864; Opinion of the Justices, 249 Ala. 511, 31 So.2d 721; Opinion of the Justices, 263 Ala. 174, 81 So.2d 699.

It is our opinion that Question No. 1 should be answered "No."

Question No. 2. Does this bill propose a local law violative of Article 4, Section 105 of the Constitution?

Section 105 reads:

"No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

It being our conclusion that the substitute bill now being considered is a bill general in nature, what we have written under Question No. 1, would also be applicable to Question No. 2, and our answer to Question No. 2 is in the negative.

Question No. 3 was apparently framed in reference to Section 4 of House Bill 152, as originally introduced, and not in reference to Section 4 of the present substitute bill.

In an Advisory Opinion given by the Justices of this Court to the House of Representatives on March 28, 1967, in reference to the provisions of House Bill 152, we concluded that the provisions of House Bill 152 were violative of Sections 158 and 152 of our Constitution, in that the provisions of said House Bill 152, conferring judicial powers on the Assistant Probate Judge, was in effect the appointment of a Probate Judge. However, the substitute bill now being considered confers no judicial powers on the Assistant Judge of Probate, and the constitutional objections to the original House Bill 152 are not present in the substitute bill, inasmuch as only administrative and ministerial duties of a

chief clerk are conferred by the substitute bill.

Our answer to Question 3 is therefore in the negative.

Question No. 4. Do the provisions of the bill provide for an unconstitutional delegation of judicial power?

The powers conferred upon the Assistant Judge of Probate under the substitute bill are set forth in Section 2 of said substitute bill in six subsections.

Section 2(1) of the substitute bill specifies that he shall have the powers of a chief clerk "as provided in Chapter 5 of Title 13, Code of Alabama, 1941 (sic) as recompiled in 1958 Code."

The remaining subsections confer upon the Assistant Judge of Probate powers which are administrative or ministerial, and not judicial, powers already granted to a chief clerk of a Probate Judge under existing statutes. While Subsection 6 of Section 2 of the substitute bill provides that the Assistant Judge shall have the authority "to do all other acts and things and perform all other duties that the Judge of Probate could do and perform", such provision is specifically limited to those cases *where there is no contest*. Thus such acts performed by the Assistant Judge of Probate under Section 2(6) of the bill, *where there is no contest*, are rendered by this limitation ministerial or administrative in nature, and are not judicial. There is no delegation of judicial power under the provisions of the substitute bill. While the bill designates the official to be appointed under the bill "Assistant Judge of Probate" a reading of the bill discloses that in truth and in fact the appointed official is clothed only with administrative or ministerial powers.

Our answer to Question No. 4 is in the negative.

We wish to point out that insofar as Section 2, Subsection 6, empowers the Assistant Probate Judge "to do all other acts and things and perform all other duties, where

there is no contest, that the judge of probate could do and perform" does not confer any judicial powers on the Assistant Probate Judge, such as rendering judgments and making and entering judicial orders.

Respectfully submitted,

J. ED LIVINGSTON, Chief Justice,
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
JOHN L. GOODWYN,
PELHAM J. MERRILL,
JAMES S. COLEMAN, Jr.,
ROBERT B. HARWOOD, Associate
Justices.

In Opinion of the Justices (1959), 269 Ala. 127, 111 So.2d 605, the feeling was expressed that "no more advisory opinions should be issued by the members of this Court when the only questions, constitutional or otherwise, involve purely local matters." There, the request was from the Governor and the act under consideration was a local act relating to a school tax in Cleburne County. It may be that the limiting statement was intended to apply to strictly local bills and acts. However, it is my feeling that the same policy should apply where a bill or act, in practical effect, is purely local.

The statute providing for advisory opinions by the Justices of the Supreme Court (Code 1940, Tit. 13, § 34) calls for opinions "on important constitutional questions." This statute was first before the Justices in In re Opinions of the Justices (1923), 209 Ala. 593, 594, 96 So. 487, where it was said:

"Interpreting the act according to its manifest effects, these conclusions must, of necessity, prevail: * * * (c) that specific inquiries, within the intent of the act, must involve or concern concrete, important constitutional questions upon matters or subjects of a general public nature, * * *."

My feeling is that general bills and acts of local application, such as the one before us [Substitute for House Bill 152], do not come within the purview of the act as so interpreted, and that no more advisory opinions should be issued with respect to them. The normal workload of this court, involving adversary proceedings, is such that the Justices should not be called upon to render merely advisory opinions upon matters or subjects which are not of a *general* public nature.

JOHN L. GOODWYN, Justice.