*377 To The Honorable Speaker and Members of the House of Representatives
State Capitol
Montgomery, Alabama
Gentlemen:
We are in receipt of House Resolution No. 184, which reads as follows:
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill H.B. 835, a copy of which is attached to this resolution and made a part hereof by reference:
1. Does H.B. 835 propose a general law within the meaning of Section 110 of the Alabama Constitution of 1901?
2. Does H.B. 835 authorize the incurring of a debt by the counties to which it applies in contravention of Section 224 of the Alabama Constitution of 1901?
3. Does H.B. 835 authorize the incurring of a debt by the cities to which it applies in contravention of Section 225 of the Alabama Constitution of 1901?
RESOLVED FURTHER, That the clerk of the House is hereby directed to send five true copies of the pending bill H.B. 835, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the justices of the Supreme Court forthwith upon adoption of this Resolution.
House.Bill No. 835 reads as follows:
A BILL . TO BE ENTITLED AN ACT
To authorize the county governing bodies of all counties having populations of not less than 75,000 nor more than 90,000, according to the most recent federal decennial census, and the governing body of any municipality in any such county to enter into long-term contracts for the disposal of solid waste, garbage, ashes and rubbish; to limit the term for which such contracts may be made; to prescribe certain stipulations that must be made in such contracts; and to declare that the entering of such contracts shall not constitute the incurring of a debt within the constitutional provision or statutory limitation on debts of the county and the municipality.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. This act shall apply to all counties in this state having populations of not less than 75,000 nor more than 90,000 according to the most recent federal decennial census, and to all municipalities within such counties.
Section 2. The governing body of any county to which this act applies or the governing body of any municipality in any such county, in lieu of or in addition to, maintaining a crematory for the destruction of garbage within its jurisdiction, may enter into a contract or contracts providing for the disposal of its solid waste, garbage, ashes and rubbish or any part thereof. The terms, provisions and conditions of the contract shall be such as the governing body deems appropriate and in the best interests of the city or county, as the case may be; and such contract may provide for the continuous disposal of such solid waste, garbage, ashes and rubbish from year to year, but not for more than twenty years. Any *378 contract entered into by the governing body of a city or the county under authority of this act shall stipulate that any waste disposal system used by the contractor shall comply fully with regulations of the federal environmental protection agency and with rules and regulations of the state air and water pollution control agencies.
Section 3. Any cost to the county or a city under any contract entered into under authority of this act shall be paid annually out of the general operating funds of the county or city, as the case may be, and the entering of such contracts shall not constitute the incurring of a debt by such county or city within the state constitutional provision or statutory limitation on debts of the county or municipality.
Section 4. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 5. This act is supplemental. It shall be construed in pari materia with other laws relative to the disposal of solid waste; however, any law or part of law which conflicts with this act is hereby repealed.
Section 6. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
Question One: Does H.B. 835 propose a general law within the meaning of Section 110 of the Alabama Constitution of 1901?
It is the opinion of this court that this question should be answered in the negative in that the bill as written is a local law.
Section 110 of the Alabama Constitution of 1901 provides in pertinent part:
“A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivision of the state less than the whole

This court has addressed the question of whether a law which is based upon a population classification qualifies as a general law numerous times. See, e. g., Masters v. Pruce, 290 Ala. 56, 274 So.2d 33 (1973); Opinion of the Justices, 284 Ala. 626, 227 So.2d 396 (1969); Brittain v. Weatherly, 281 Ala. 683, 207 So.2d 667 (1968); Opinion of the Justices, No. 190, 281 Ala. 50, 198 So.2d 778 (1967); Opinion of the Justices, 275 Ala. 465, 156 So.2d 151 (1963).
Even when a law in its application applies to only one political subdivision it has been found to be a general law when the following test has been met: 1) The difference in population is substantial; 2) The classification is made in good faith by the Legislature; 3) The classification is reasonably related to the purpose sought to be achieved by the Act. Reynolds v. Collier, 204 Ala. 38, 39, 85 So. 465, 467 (1920). Applied in Masters v. Pruce, 290 Ala. 56, 274 So.2d 33 (1973); Opinion of the Justices, 284 Ala. 626, 226 So.2d 396 (1969); Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869 (1946).
In the case of Brittain v. Weatherly, 281 Ala. 683, 207 So.2d 667 (1968) this court refined the application of this test by stating:
“We have held that even though an act, when passed, applies to one city only, this is not the test of whether it is a local or general law. If it will apply to all other cities as they come within the class based on population, the law is general * * * ” (Emphasis added.)
This requirement also applies to acts classifying counties by population.
The proposed bill under consideration ,contains the following language:
“This act shall apply to all counties in this state having populations of not less than 75,000 nor more than 90,000 according to the most recent federal decennial census * * * ” (Emphasis added.)
This court takes judicial notice of the fact that the most recent federal decennial census (1970) lists only one county in the State of Alabama with a population between 75,-000 and 90,000 — Morgan County with a population of 77,297.
*379 Because this bill would not be applicable to other counties and municipalities as they come within the population classification, the test of Brittain is not met. Ordinarily the language used to satisfy the requirement of Brittain is “according to the latest and any subsequent federal decennial census.” Therefore, this bill, as presently drafted, must be construed to be a local bill within the meaning of Section 110 of the Alabama Constitution of 1901.
Questions 2 and 3 will be discussed together in that they involve the same questions of constitutional construction.
Question Two: Does H.B. 835 authorize the incurring of a debt by the counties to which it applies in contravention of Section 224 of the Alabama Constitution of 1901?
We answer in the negative.
Question Three: Does H.B. 835 authorize the incurring of a debt by the cities to which it applies in contravention of Section 225 of the Alabama Constitution of 1901?
We answer in the negative.
Section 224, as amended, provides:
“No county shall become indebted in an amount including present indebtedness, greater than five percentum of the assessed value of the property therein. Nothing herein contained shall prevent any county from issuing bonds, or other obligations; to fund or refund any indebtedness now existing or authorized by existing law to be created.” Ala.Const. Art. 12, § 224, Act No. 918, 1975 Acts of Ala. Vol. III, 1824 (Ratified January 22, 1976).
Section 225, as amended, provides:
“No city, town or other municipal corporation having a population of less than six thousand, except as hereafter provided, shall become indebted in an amount, including present indebtedness, exceeding twenty per centum of the assessed value of the property therein, except for the construction of or purchase of waterworks, gas or electric lighting plants, or sewerage, or for the improvements of streets, for which purposes an additional indebtedness not exceeding three per cen-tum may be created; provided, this limitation shall not affect any debt now authorized by law to be created, nor any temporary loans to be paid within one year, made in anticipation of the collection of taxes, not exceeding one fourth of the annual revenues of such city or town. All towns and cities having a population of six thousand or more are hereby authorized to become indebted in an amount, including present indebtedness, not exceeding twenty per centum of the assessed valuation of the property therein, provided that there shall not be included in the limitation of the indebtedness of such last described cities and towns the following classes of indebtedness, to-wit: Temporary loans, to be paid within one year, made in anticipation of the collection of taxes and not exceeding one fourth of the general revenues, bonds, or other obligations already issued, or which may hereafter be issued for the purpose of acquiring, providing, or constructing school houses, waterworks, and sewers; and obligations incurred and bonds issued for street or sidewalk improvements, where the cost of the same, in whole or in part, is to be assessed against the property abutting said improvements; provided, that the proceeds of all obligations issued as herein provided in excess of said twenty per centum shall not be used for any purpose other than that for which said obligations were issued. Nothing contained in this article shall prevent the funding or refunding of valid obligations existing at the time of such funding or refunding. This section shall not apply to the cities of Sheffield and Tuscumbia.
“The limitations specified in this section shall not be applicable to any obligations or indebtedness that may be exempted from the said limitations by the provisions of any portion of this Constitution, including any amendment thereto at any time adopted.” Ala.Const. Art. 12, § 225, Amend. No. 268 (Cum.Supp.1973).
*380 The incurring of a contractual obligation by a city or county under a contract with private individuals for disposal of solid waste for a period of from one year to twenty years is not an indebtedness as defined under Section 224 and 225 of the Alabama Constitution of 1901 provided the annual amount payable under the contract is to be derived from the current revenues received for that year. Hillard v. Mobile, 253 Ala. 676, 47 So.2d 162 (1950); Abrasley v. Jefferson County, 241 Ala. 660, 4 So.2d 153 (1941); Brown v. Gay-Padgett Hardware Co., 188 Ala. 423, 66 So. 161 (1914).
The proposed bill provides that the cost of a contract entered into under its authority “shall be paid annually out of the general operating funds of the county or city.” This proviso satisfies the requirement that such an obligation will be payable out of current revenues and thus such an obligation will not be considered a debt within the meaning of Sections 224 and 225 of the Alabama Constitution of 1901.
Respectfully submitted,
(s) Howell Heflin_ Howell Heflin, Chief Justice
(s) James N. Bloodworth_ James N. Bloodworth
(s) Hugh Maddox_ Hugh Maddox
(s) James H. Faulkner_ James H. Faulkner
(s) Reneau P. Almon_ Reneau P. Almon
(s) Janie L. Shores_ Janie L. Shores
(s) Eric Embrv_ Eric T. Embry
(s) Sam A. Beatty_ Sam A. Beatty Associate Justices