To the House of Representatives
State Capitol
Montgomery, Alabama
Dear Mesdames and Sirs:
We acknowledge receipt of House Resolutions No. 180 and No. 216 requesting an advisory opinion on the constitutionality of House Bill No. 704. Resolution No. 180 reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we do respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions to the following important constitutional questions which have arisen concerning the pending H.B. 704 of the 1985 Regular Session, relating to Madison County which proposes levying and collecting of sales and use taxes in the county, with the proceeds used for school purposes in the Madison County School System. Section 40-12-4, Code of Alabama 1975, provides for the levying of certain taxes, *106 including a sales tax, on a countywide basis, with the proceeds to be used for public school purposes. It further provides that in all counties having more than one school system, the revenues produced by such tax ‘shall be distributed within such county on the same basis as funds received by the county from the minimum program fund are distributed within the county.’ Copies of said bill are attached to this resolution and made a part hereof by reference.
“1. Do the provisions of pending H.B. 704 of the 1985 Regular Session conflict with the provisions of Section 40-12-4, Code of Alabama 1975, in any way that would contravene Section 105 of the Constitution of 1901?”
Resolution No. 216 reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we do respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions of the following important Constitutional question which has arisen concerning the pending H.B. 704 of the 1985 Regular Session, which bill authorizes the Madison County Commission to levy a sales and use tax in the county, excluding only the city of Huntsville, but including all other municipalities within the county. Copies of said bill are attached to this resolution and made a part hereof by reference.
“1. Does H.B. 704 violate any provision of the state or national constitution because of the unequal treatment due to different rates of tax for the municipalities in Madison County?”
The copy of H.B. 704 forwarded with the resolutions reads:
“A BILL
TO BE ENTITLED
AN ACT
“Relating to Madison County; providing that the Madison County Commission shall be authorized to levy sales and use taxes generally paralleling the state sales and use taxes with the same and additional exemptions and exclusions; providing that such taxes shall be levied in the areas of the county served by the Madison County School System; and providing for the collection of the revenue from said taxes and the distribution of same.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. In order to provide funds for the benefit of the county schools in Madison County, the Madison County Commission is hereby authorized to levy and to provide for the assessment and collection of any sales and use taxes generally paralleling the state sales and use taxes in the areas of Madison County served by the Madison County School System, which tax or taxes shall be in addition to any and all other county taxes heretofore or hereafter authorized by law in Madison County. All the proceeds from any tax levied pursuant to this act less the cost of collection thereof shall be used solely for the Madison County School System. Notwithstanding anything to the contrary herein, said County Commission of Madison County shall not levy any tax hereunder measured by gross receipts, except a sales or use tax which generally parallels, except for the rate of tax, that imposed by the state under applicable law.
“Section 2. There are exempted and excluded from the provision of this act the same exemptions and exclusions applicable to the state sales and use taxes in addition to the entire gross proceeds of the sale of automobiles and farm machinery and equipment.
“Section 3. The proceeds from the taxes provided for herein shall be collected by the state department of revenue. Said proceeds, less any costs of collection, shall be deposited without delay into the state treasury to the credit of the County of Madison to be properly distributed by said county as provided for here *107 in. The amount deducted from said proceeds by the department of revenue for the cost of collection shall be an amount equivalent to five percent (5%) of the revenue collected hereunder.
“Section 4. The state department of revenue shall have the same authority to enforce the provisions of this act that it has to enforce the provisions of the state sales and use tax laws.
“Section 5. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 6. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 7. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
House Bill 704 is a local act which would allow the Madison County Commission to levy sales or use taxes. The revenue from these taxes would be used solely to support the Madison County School System. Section 40-12-4 is a general law that authorizes the governing bodies of the various counties to levy certain taxes, including a sales or use tax, to generate revenue for all the school systems within the county.
Section 105 of the Constitution of 1901 reads:
“No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law.”
In Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), this Court, recognizing that § 105 had been previously interpreted in several different ways, said:
“Being a limitation upon legislative authority, § 105 clearly means just the opposite of what the Court in State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939 (1917), held that it meant.... [TJhat Court placed more emphasis upon the efficacy of local laws, and less upon that of general laws, than § 105 obviously intended to give them, for the Court stated ‘[i]f we should hold that, merely because there is a general law....’ 199 Ala. at 447, 74 So. at 941 [emphasis added in Peddycoart ]. We do not look upon the presence of a general law upon a given subject as a bare segment, but to the contrary, its presence is primary, and means that a local law cannot be passed upon that subject. By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide application, and already having that effect, the constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute [emphasis in original].”
Id. at 813.
Under the Peddycoart test, H.B. 704 clearly violates § 105.
Both § 40-12-4 and H.B. 704 authorize the governing body of Madison County to levy sales or use taxes in order to generate revenue for the Madison County School System. They differ only in that § 40-12-4 authorizes a county-wide tax to generate revenue for all school systems within the county (including the Madison County School System), while H.B. 704 authorizes a tax only in those areas of the county served by the Madison County School System, with the revenues generated to be given only to the Madison County School System. The subject matter of H.B. 704 is *108 already subsumed by § 40-12-4 and therefore § 105 prohibits its enactment.
We decline to answer the question propounded in House Resolution 216 for two reasons. First, we have already determined that H.B. 704 is unconstitutional under § 105 and, therefore, we need not address other constitutional questions. Second, this Court will not give advisory opinions on the general constitutionality of a law, because “[t]o leave to the justices the search for all possible answers of constitutional tests, imposes a task accompanied with such doubt and uncertainty that even those gifted with unusual ingenuity, would retreat from it.” Opinion of the Justices, No. 199, 286 Ala. 156, 158, 238 So.2d 326, 327 (1970).
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Associate Justices