To the Members of the State Senate
State Capitol
Montgomery, Alabama
Dear Senators:
We acknowledge receipt of Senate Resolution 217, which reads:
*113 “BE IT RESOLVED BY THE SENATE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, S.B. 622, a copy of which is attached to this Resolution and made a part hereof by reference:
“1. Are the provisions of Section 1 of S.B. 622 in conflict with Article 4, Section 105, of the Constitution of Alabama of 1901?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send five true copies of the pending bill, S.B. 622, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.”
The copy of S.B. 622 forwarded with the resolution reads:
A BILL
TO BE ENTITLED
AN ACT
“Relating to Baldwin County; amending Act No. 84-639, H. 981,1984 Regular Session, which provides for the term of office for certain county commissioners, so as to provide further for said terms.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. Section 1 of Act No. 84-639, H. 981, 1984 Regular Session, is hereby amended to read as follows:
“ ‘Section 1. In Baldwin County, any law to the contrary notwithstanding, the county commissioners elected in November whose terms of office commence January 1985, shall serve four years, and each commissioner elected thereafter shall serve for a term of four years each. Elections shall be held accordingly.’
“Section 2. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
Act No. 84-639 reads:
“AN ACT
“Relating to Baldwin County and the term of office for county commissioners; and repealing conflicting laws.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. In Baldwin County, any law to the contrary notwithstanding, the county commissioners elected in November whose terms of office commence January 1985, shall serve two years, and each commissioner elected thereafter shall serve for a term of four years each. Elections shall be held accordingly.
“Section 2. The provisions of this act are severable. If any part of this act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 3. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 4. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
The question proposed by the Resolution is, “Are the provisions of Section 1 of S.B. 622 in conflict with Article IV, § 105, of the Constitution of Alabama of 1901.” Section 105 prohibits the Legislature from passing a local law the subject matter of which has been subsumed by a general law. Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978). Code 1975, § 11-3-1, is a general law that sets the term of office of all county commissioners at four years. Senate Bill 622, which sets the term of office of the Baldwin County commissioners at four years, attempts to accomplish precisely what § 11-3-1 already provides.
In Bd. of Rev. of Jefferson County v. Kayser, 205 Ala. 289, 88 So. 19 (1921), the Court quoted the comments of Judge *114 Walker at the constitutional convention as to the purpose of § 105:
“ ‘Now is there any hardship [in] saying to any man, any individual, corporation or association, that if the laws of the state have already provided for your case and you can get everything you could possibly get by appealing to the Legislature, you ought not to consume the public time in trying to get the Legislature to do what has already been done for you. That is all this provision means.’ Proceedings, p. 114.” [1]
Because the subject matter of S.B. 622 is already subsumed by § 11-3-1 and in fact duplicates what § 11-3-1 provides, S.B. 622 is unconstitutional under § 105.[2]
Subsequent to the transmittal of the above resolution, the Secretary of the Senate transmitted to us an additional question concerning S.B. 622. That question is as follows:
“Are the provisions of Section 1 of S.B. 622 in conflict with Article 17, Section 281 of the Constitution of Alabama 1901?”
Section 281 states:
“The salary, fees, or compensation of any officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed.”
We are of the opinion that S.B. 622 is not in conflict with this section of the Constitution. Senate Bill 622 does not purport to increase the compensation of the commissioners, but seeks to extend the term of their office by two years. Of course it can be argued that by increasing the length of the term of office, the compensation has been increased. However, we are of the opinion that this was not the intent of the framers of the Constitution when § 281 was proposed. The same fact situation was involved in acts passed by the 1940 Legislature with reference to Walker County. This Court allowed the additional compensation. Walker County v. Barnett, 247 Ala. 418, 24 So.2d 665 (1946).
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Associate Justices

. In Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), this Court clarified the manner in which local laws are to be tested against the provisions of § 105. The Peddycoart test is not inconsistent with this aspect of Jones.

. The constitutionality of Act No. 84-639, 1984 Regular Session, as tested against Art. 4, § 105, is not before us, and nothing in this advisory opinion is intended to suggest in any way what the Court’s decision would be if the constitutionality of that legislation is challenged at some future time.