ALMON, Justice.
This appeal concerns the constitutionality of a local act alleged to be enacted on a subject covered by a general law. The trial court held the local act unconstitutional on the ground alleged.
*1153 The Alabama Legislature passed the following act in 1981:
“Section 1. In addition to the compensation now paid by the municipality of Fort Payne, DeKalb County, Alabama, to any person employed on a full-time basis as a law enforcement officer, the municipality shall pay $150.00 per month to such person for enforcement of State laws in performance of regular duty as hazardous duty pay. Such additional compensation shall be paid from the same municipal fund, and in the same manner as other compensation is paid to police officers, to such persons deemed qualified for such compensation. Such compensation shall in no way affect or restrict the regular cost of living, merit or longevity salary adjustments to which such persons may be entitled. Provided, however, that such qualified persons shall include full-time jailers.
“Section 2. No person who is in law enforcement and performs only ministerial or administrative functions, or who is not subject in his or her day-to-day duties to life-threatening nor potentially severely injurious situations, hazardous to health or life, shall be deemed qualified for the supplemental compensation of Section 1 of . this Act.
“[The remaining sections state that the provisions of the Act are severable, do not repeal or supercede other laws, and take effect on a specified date.]”
1981 Ala.Acts, Act 81-915.
In February 1983, the appellants, twenty-three named police officers, filed this action against the City of Fort Payne for the money due them under this act. The trial court granted summary judgment for the City on the ground that Act No. 81-915 violated Ala. Const, art. IV, § 105, which reads, in pertinent part:
“No ... local law ... shall be enacted in any case which is provided for by a general law....”
The trial court held that the subject matter of Act No. 81-915 was provided for in the following general laws found in the Code of 1975:
“§ 11-43-7. Establishment of salaries and fees of municipal employees; disposition of fees of clerk.
“All employees of any city or town whose compensation is not fixed by law shall receive such salary or fees for their services as the council may by ordinance from time to time prescribe....”
“§ 11-43-8. Establishment of salaries of municipal officers.
“The salaries of all officers of cities or towns except aldermen and councilmen shall be fixed by the municipal council or other governing body....”
“11-43-186. Determination of salaries to be paid classifications within merit systems.[1]
“The salaries to be paid in each classification established by the merit system shall be determined by the governing body of the municipality.”
The trial court entered a detailed and well reasoned order supporting its conclusion that the hazardous duty pay provided in Act No. 81-915 was subsumed in the compensation to be set by the city under one or more of the three sections from title 11 quoted above. A portion of the court’s reasoning is set forth below:
“In the landmark decision of Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), the Supreme Court of Alabama defined the standard for review of the constitutionality of local laws. The Court in Peddycoart declared that ‘the presence of a general law ... is primary, and means that a local law cannot be passed upon that subject.’ The Court opined that 'the Constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute.’
[[Image here]]
*1154 “The Attorney General[2] argues that hazardous duty pay is not a subject or matter provided for by general law. He argues that because the local law (Act Number 81-915) provides for additional compensation to police officers in the form of hazardous duty pay, it is not the same subject or matter over which municipal governing bodies have exclusive authority by general law.
“It is clear that the general law of this State authorizes city governments to set and fix the salary of its officers and employees. A salary is compensation paid for services. The services provided by a police officer necessarily include hazardous duty.
“Act Number 81-915 acknowledges that police officers are presently paid ‘compensation ... for enforcement of State laws in performance of regular duty....’ The amount of compensation paid to such officers is determined by each of the respective municipal governing bodies of this State under the authority of general law. (Sections 11-43-7, -8, -186, Code of Alabama (1975)), without interference by the State Legislature. By local law (Act Number 81-915) the State Legislature has, however, imposed on the City of Port Payne, the requirement that it pay officers $150.00 per month as hazardous duty pay 1... for enforcement of State laws in performance of regular duty....’ The effect of Act 81-915 is, therefore, to require the City of Fort Payne to pay additional compensation without any corresponding increase or change in the services rendered by those persons being paid. This Act does not, therefore, involve a different subject from that provided for by general law. This Court opines that the only method by which the State Government can dictate to city government a specific amount to be paid its policemen for hazardous duty, would be by a general law applicable to all municipalities of this State, or a class thereof as defined under Alabama Constitution, Amendment Number 375.
“It is the opinion of this Court that under the Constitution of this State, the legislative enactment and imposition of hazardous duty pay for the City of Fort Payne and no other city or municipality of this State, is a violation of the Constitutional mandate that the Legislature may not enact legislation by local law which is otherwise provided for by a general law. Because the setting of salaries and compensation of police officers is delegated to municipal governing bodies by general law, the Legislature of this State has no authority to pass a local act on that subject. Inasmuch as the performance of regular duty involves hazardous duty, and inasmuch as the authority for municipalities to set the compensation for services rendered by its officers and employees is established by general law, the Legislature has exceeded its Constitutional authority by the enactment of Act Number 81-915. Accordingly, it is the opinion of this Court that Act Number 81-915 is unconstitutional.”
Section 11-43-8 does not apply here because police officers (except perhaps the police chief) are employees, not officers, of the city. They are not elected and do not perform the discretionary, policy-making functions associated with the term “officer” as used in § 11-43-8.
The proviso, “whose compensation is not fixed by law,” in § 11-43-7 might appear at first glance to allow a range of operation for Act No. 81-915. It does not, for three reasons: (1) The natural reading of the proviso makes it apply to statutorily mandated salary for specified employee classes, not an add-on to a municipally determined salary. (2) A general law could fix salary under the exception provided in § 11-43-7, but for a local law to prevent the city from operating under the general law of § 11-43-7 would be for the local law to raise itself by its own bootstraps into an exception to a general law and thereby circum *1155 vent § 105 of the Constitution. (3) Most conclusively, § 11-43-186 is a more specific general law governing the salary of police officers and therefore controls in any conflict with the general law of § 11-43-7 applying to all municipal employees.
A study of the briefs submitted in this case and a review of cases[3] involving such challenges to local laws show that the reasoning of the court below is unassailable. The judgment is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All the Justices concur.

1. This section is part of a statute passed in 1976 requiring municipalities to provide civil service merit systems for law enforcement officers. 1976 Ala-Acts, Act 372.

2. The Attorney General appeared below and in this appeal to argue in favor of the statute’s constitutionality. See Code 1975, § 6-6-227; Rule 44, A.R.A.P.

. In addition to Peddycoart, cited by the trial court, see for example. Opinion of the Justices No. 316, 469 So.2d 112 (Ala.1985); Opinion of the Justices No. 311, 469 So.2d 105 (Ala.1985); Crandall v. City of Birmingham, 442 So.2d 77 (Ala.1983); Opinion of the Justices No. 288, 425 So.2d 407 (Ala.1982); Freeman v. Purvis, 400 So.2d 389 (Ala.1981).