MADDOX, Justice.
The issue in this case is whether the trial court erred in issuing a writ of mandamus directing the Jefferson County Commission to pay an allowance to law enforcement *199 officers as provided for by a local act of the Legislature pending a determination of the merits of this case, which involves a challenge to the constitutionality of the local act.
Act No. 88-897, Ala.Acts 1988, which became effective on September 30, 1988, provides:
“Any non-elected law enforcement officer, including the sheriffs executive assistant, who is employed by the Jefferson County Sheriffs Department on a full-time basis, shall receive a subsistence allowance of $8.00 for each working day of a pay period while engaged in the performance of his duties as a law enforcement officer.”
On October 6,1988, the Personnel Board of Jefferson County filed a declaratory judgment action seeking to have Act No. 88-897 declared unconstitutional. The Jefferson County Commission, Sheriff Melvin Bailey, and the Attorney General were named as defendants. The Commission was realigned as a plaintiff. On October 12, 1988, several deputy sheriffs and the Fraternal Order of Police, Lodge # 64, moved to intervene as defendants; the trial court granted their motion on October 17, 1988. The intervenors then filed a petition for writ of mandamus, asking the trial court to direct the Commission to pay the $8.00 per day allowance as provided for in the Act. On November 3,1988, the trial court granted the petition for writ of mandamus and ordered the Commission to pay the allowance pending a final determination on the merits of the case. The Commission appealed that order; the claim that Act No. 88-897 is unconstitutional is still pending in the trial court. The trial court did not require the intervenors to post a bond. The Commission argues that “[mjandamus is not appropriate in that the writ attempts to enforce an aspect of a pending case before the court wherein the constitutionality and legality of the very Act sought to be enforced is pending and that the only purpose of the writ is to avoid the bond requirements of an injunction.”
Appellees assert:
“[W]hile a temporary injunction would arguably compel the performance of the duty which has been neglected or refused, it would not afford complete redress for the injury which the deputies would receive, because the deputies could not recover their cost of the security bond required to receive a temporary injunction. There is no provision in Alabama law for awarding such costs, which in this instance would be substantial, to a successful party. Therefore, the remedy of preliminary and permanent injunction would not be ‘adequate.’ ”
We agree with the Commission that mandamus cannot be used as a substitute for a temporary injunction.
Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Adams, 514 So.2d 845, 850 (Ala.1987). The key in this case is the rule that mandamus is not proper where another adequate remedy exists. Barber v. Covington County Comm’n, 466 So.2d 945, 948 (Ala.1985). Here, the trial judge issued a writ of mandamus pending a final determination of the case on its merits. Whether the trial court styled its order as a writ of mandamus purposely to avoid the requirement of a bond, we need not decide.
Rule 65(c), A.R.Civ.P., provides, in part, that “No ... preliminary injunction shall issue except upon the giving of security by the applicant.” This provision is mandatory. Chunchula Energy Corp. v. Cibar-Geigy Corp., 503 So.2d 1211, 1215 (Ala.1987). The merits of this case are still pending in the court below, and the trial judge’s order did nothing more than to grant the intervenors relief (payment of the allowance) until the merits of the constitutionality claim were resolved. Regardless of the style of the relief granted, it is, in effect, a preliminary injunction. Because a preliminary injunction would be a remedy just as adequate in this case as *200 mandamus, the issuance of a writ of mandamus was not proper, and because the requirement of giving security is mandatory, the trial court erred in not requiring the intervenors to post bond.[1]
For the above reasons, we order that if within seven days of the issuance of this opinion, the trial court sets an appropriate bond under Rule 65(c) and the intervenors post that bond, then the trial court’s order (construed as a preliminary injunction) is affirmed. If such a bond is not set and posted within those seven days, then the trial court’s order is due to be reversed and vacated.
AFFIRMED CONDITIONALLY.
HORNSBY, C.J., and JONES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. We note that previous cases have made us aware that some trial courts have issued writs of mandamus instead of a proper preliminary injunction merely to spare the applicant the burden of posting a bond. Such a practice is improper under Rule 65(c).