PER CURIAM.
The Personnel Board of Jefferson County (hereinafter “Personnel Board”) and the County Commission of Jefferson County (hereinafter “County Commission”) appeal, and the Fraternal Order of Police, Lodge No. 64, and certain individual deputy sheriffs (hereinafter collectively “F.O.P.”) cross-appeal, from a final judgment declaring Act No. 88-897, Ala.Acts 1988, constitutional.
Act No. 88-897 was approved on September 30, 1988, during the Alabama Legisla *894 ture’s first special session. It became effective that date. It is uncontroverted that the passage of Act No. 88-897 was prior to the passage of the appropriations bills for the next budget period; Amendment 448 to the Alabama Constitution of 1901 requires that those appropriations bills be passed first. Act No. 88-897 reads as follows:[1]
“Section 1. Any non-elected law enforcement officer, including the sheriffs executive assistant, who is employed by the Jefferson County Sheriffs Department on a full-time basis, shall receive a subsistence allowance of $8.00 for each working day of a pay period while engaged in the performance of his duties as a law enforcement officer. This allowance shall be in addition to all other compensation, expenses and allowance provided for such officers. Provided, however, that this subsistence allowance shall remain in effect only as long as any portion of the ⅝ percent occupational tax passed by the Jefferson County Commission in ordinance # 1120 dated September 29, 1987, remains in effect.
“B. This subsistence allowance shall not be subject to any income or other taxes levied by the State of Alabama or the federal government.
“C. Provided, however, the provisions of this act shall become null and void upon the repeal in its entirety of Jefferson County ordinance # 1120 dated September 29, 1987.
“Section 2. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
On October 6, 1988, the Personnel Board filed an action for a declaratory judgment, seeking to have Act No. 88-897 declared unconstitutional and naming Jefferson County Sheriff Melvin Bailey, Alabama Attorney General Don Seigelman, and the County Commission as defendants. The F.O.P. was granted permission to intervene in this action, and, upon the F.O.P.’s motion, the trial court realigned the County Commission as a party plaintiff. The F.O.P., in intervening, sought the reinstatement of the Personnel Board’s Safety Educational Incentive Program and the uniform maintenance allowance for Jefferson County deputy sheriffs and deputy coroners.[2] It also sought a writ of mandamus directing the County Commission to comply with Act No. 88-897 by paying the subsistence allowance.
This Court, on appeal from the trial court’s original order granting a writ of mandamus, held that mandamus was not the proper remedy and restructured the trial court’s order as a preliminary injunction, calling for an appropriate bond to be implemented within seven days of the opinion’s release. Jefferson County Commission v. Fraternal Order of Police, Lodge #64, 543 So.2d 198 (Ala.1989).
On April 14, 1989, the trial court issued a final judgment, which stated:
“It is therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
“ONE: Act No. 248, Acts of Alabama, 1945 Regular Session, as amended (“Enabling Act”) may be amended by a local law.
“TWO: Section l.A [there is no section “A”; this is an apparent reference to the first paragraph of § 1] of Act No. 88-897 will not be invalid if Section l.B thereof is determined to be invalid.
“THREE: The Legislature of the State of Alabama has the power and authority to enact Act No. 88-897.
“FOUR: Act No. 88-897 is constitutional and does not violate the provisions of Sections 105, 106, 61, 45 or other sections of the Constitution of Alabama of 1901.
“FIVE: Amendment No. 448 to the Constitution of Alabama of 1901 applies to the regular session of the Legislature and not to special sessions.
*895 “SIX: The Jefferson County Commission shall implement the provisions of Act No. 88-897.
“SEVEN: Pursuant to the Enabling Act, the director of personnel shall certify the payroll of the Jefferson County Sheriffs Department which includes payment of the subsistence allowance contained in Act No. 88-897.
“EIGHT: The claim of the Intervenors concerning the action of the Jefferson County Commission in revoking its approval of the Educational Incentive Program by its resolution of September 9, 1988, is moot due to the resolution dated October 11, 1988, by which the Educational Incentive Program was reinstated.
“NINE: The Jefferson County Commission may not abolish the uniform maintenance allowance without first submitting the proposed termination of the policy to the Personnel Board and obtaining its approval.
“TEN: The costs of this action are taxed to the Plaintiffs.
“DONE and ORDERED this 14th day of April, 1989.”
On appeal, the Personnel Board and the County Commission argue that the trial court erred in holding that Amendment 448 of the Alabama Constitution of 1901 applies only to regular sessions of the legislature and not to special sessions and, therefore, they argue that Act No. 88-897 violates Amendment 448; they also argue that Act No. 88-897 violates § 105 of the Alabama Constitution of 1901; that Act No. 88-897 is unconstitutionally vague because, they say, it fails to identify the persons and/or entities chargeable with executing it; that it violates § 94 of the Alabama Constitution of 1901; and that the absence of a severability clause in the event of the failure of a portion of Act No. 88-897 renders the entire act void (i.e., they argue that the exemption of the subsistence allowance from state and federal income tax is void and therefore that the entire act is void).
In its cross-appeal, the F.O.P. argues that the trial court erred in failing to reinstate the uniform maintenance allowance.
The Personnel Board and the County Commission contend that Act No. 88-897 violates § 105, Alabama Constitution of 1901. Section 105 states, in part, that “No ... local law ... shall be enacted in any case which is provided for by a general law_” Petitioners argue that the subject matter of Act No. 88-897, compensation of classified civil service employees, was already provided for by a general law, specifically Act No. 248, Ala. Acts 1945.
Act No. 248, enacted in 1945 as a “general law of local application,” provides for the creation and establishment of a countywide civil service system and a personnel board in counties having a population of 400,000 or more, whose duties include the determination of “salary income” for classified civil service employees.
Act No. 88-897 is a local law that provides a subsistence allowance “in addition to all other compensation, expenses and allowance provided for [certain] officers.” The question then is whether the subsistence allowance provided for in Act No. 88-897 is “salary income” already covered by Act No. 248. The United States Supreme Court in Commissioner v. Kowalski, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977), has ruled that a meal allowance, similar to the subsistence allowance provided for by Act No. 88-897, provided to New Jersey state police troopers constituted “income” under 26 U.S.C. § 61(a). See, also, Bassett v. United States, 41 A.F.T.R.2d 78-1071; Elliott v. United States, 41 A.F.T.R. 78-1071. Act No. 88-897 and Act No. 248 address the same subject matter, that is, compensation for certain classes of civil service employees.
In Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), this Court stated:
“Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, *896 this Court will apply the rules which it has heretofore applied in similar cases.”
354 So.2d at 814. This Court has interpreted this language as having prospective application only. Freeman v. Purvis, 400 So.2d 389 (Ala.1981). Although Act No. 248 applies only to counties having a population of 400,000 or more, in applying the pre-Peddycoart analysis to determine the local or general status of this act, we have determined that it is a general law. See Bedingfield v. Jefferson County, 527 So.2d 1270 (Ala.1988), and Opinion of the Justices No. 223, 335 So.2d 376 (Ala.1976).
In Johnson v. City of Fort Payne, 485 So.2d 1152 (Ala.1986), this Court addressed this same issue with respect to the constitutionality of a local law providing for hazardous duty pay to full-time law enforcement officers of Port Payne. Therein, this Court, quoting with approval from the trial court’s order, stated:
“ ‘Act Number 81-915 acknowledges that police officers are presently paid “compensation ... for enforcement of State laws in performance of regular duty....” The amount of compensation paid to such officers is determined by each of the respective municipal governing bodies of this State under the authority of general law. (Sections 11-43-7, -8, -186, Code of Alabama (1975)), without interference by the State Legislature. By local law (Act Number 81-915) the State Legislature has, however, imposed on the City of Fort Payne, the requirement that it pay officers $150.00 per month as hazardous duty pay “... for enforcement of State laws in performance of regular duty....” The effect of Act 81-915 is, therefore, to require the City of Port Payne to pay additional compensation without any corresponding increase or change in the services rendered by those persons being paid. This Act does not, therefore, involve a different subject from that provided for by general law....
“ ‘It is the opinion of this Court that under the Constitution of this State, the legislative enactment and imposition of hazardous duty pay for the City of Port Payne and no other city or municipality of this State, is a violation of the Constitutional mandate that the Legislature may not enact legislation by local law which is otherwise provided for by a general law. Because the setting of salaries and compensation of police officers is delegated to municipal governing bodies by general law, the Legislature of this State has no authority to pass a local act on that subject. Inasmuch as the performance of regular duty involves hazardous duty, and inasmuch as the authority for municipalities to set the compensation for services rendered by its officers and employees is established by general law, the Legislature has exceeded its Constitutional authority by the enactment of Act Number 81-915. Accordingly, it is the opinion of this Court that Act Number 81-915 is unconstitutional.’ ”
Johnson v. City of Fort Payne, 485 So.2d 1152, 1154 (Ala.1986).
This same reasoning applies in this case. Act No. 88-897 is a local law that requires the payment of a subsistence allowance “in addition to all other compensation, expenses and allowance provided,” without any corresponding increase or change in the services rendered by the officers. Because the subject matter of the compensation of the officers was already provided for in Act No. 248, a general law, the legislature had no authority to pass a local act involving the same subject. Therefore, Act No. 88-897 is unconstitutional; specifically, it violates § 105 of the Alabama Constitution of 1901.
Because of this holding, it is not necessary to address the remaining arguments of the Personnel Board and the County Commission. The trial court’s judgment as it relates to the constitutionality of Act No. 88-897 is, therefore, due to be, and it is hereby, reversed. We remand to the trial court the remaining issue, that of the uniform maintenance allowance as presented by the P.O.P.’s cross-appeal, with instructions to hold further hearings and make a ruling as to the status of that allowance.
REVERSED AND REMANDED WITH INSTRUCTIONS.
*897 HORNSBY, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
KENNEDY, J., concurs in part and dissents in part.
MADDOX, J., dissents.

. Act No. 88-897 has no section “A.”

. On September 27, 1988, the County Commission had adopted a resolution rescinding the uniform maintenance allowance to commissioned and sworn sheriff's sergeants and deputies, effective at the close of business on September 30, 1988.